## Munger *versus* Silsbee.

1. When the question whether a structure is one or two buildings, under the Mechanics' Lien Law, depends upon disputed facts, it is for the jury.

2. The acts and sayings of a party are evidence against him if they relate to the subject-matter of the issue.

3. Under the circumstances in this case the question, one or two buildings, was properly submitted to the jury.

March 15th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Writs of error to the Court of Common Pleas of *Luzerne county :* Nos. 438 and 439, to January Term 1869.

Each of the cases in the court below was a scire facias sur mechanics' lien, issued July 5th 1867, by George B. Silsbee against J. W. Munger. The cases depended on the same facts. The work for which the lien was entered, September 21st 1866, was done under one contract and the lien had been apportioned ; the main question was whether the structure was one or two buildings. The claim set out :—" Said several adjoining buildings are stores and dwellings combined, of brick, three stories and a half high. Each 25 feet front by 90 feet deep. One of them is situate on lot No. 3, in block No. 22, fronting on Lackawanna avenue, in the city of Scranton. The other of them is situate on lot No. 4, in block No. 22 aforesaid. They are built together and are separated by solid brick wall."

The amount was apportioned in the claim at $847.83 on each building.

The items were charged in the bill of particulars filed with the claim, as having been for the whole structure ; they were not separately charged to each building. One of the items was, " Mortar extra $4.00 ;" another, " Running stucco cornice, $200.00."

The following was part of the contract to build, dated July 27th 1865 :—

" Silsbee hereby agrees to build and construct, for the said Munger, all the brick walls to said Munger's brick building on the foundation now erected on said Munger's lot ; also, to do all the inside plastering to the second and third stories ; also, the hall of the lower story, and all other plastering said Munger may desire in said building."

On the trial before Dana, J., February 26th 1869, the plaintiff gave in evidence his book of original entries. One item was " Mortar for Rosenagle $4.00." The defendant objected to this item, because it did not appear to have been for the defendant, but for another person, and because it was for a gross sum. The evidence was admitted, and a bill of exceptions sealed.

[Munger v. Silsbee.]

Another item was "Running cornice $200." There was in the book in connection with the account this entry: "The running cornice charge, altering front piers, putting in fire-places, setting water-table, re-arching windows, mortar steps in rear of building, pointing joints in tier, work for Cone & Lent."

This was "offered in common with proof of the doing of the work, its amount, and of the materials furnished and used on building." This was objected to by the defendant, admitted and a bill of exceptions sealed.

The plaintiff called Henry Geddes, who testified:—

"I worked on this building; am bricklayer and plasterer; was a cornice run on this building at Mr. Munger's direction; Mr. Silsbee was to run and 3 centres struck, and the price was to be $200."

The evidence was that the building was erected on distinct subdivisions of a block as set out in the claim filed; that it was 50 feet in front, a brick partition carried through all but the attic, each story 20 feet wide, two halls one for each side, one roof, one attic, a door in third story through the partition, porches on second and third stories front and rear; some of the conveniences were accessible only from one side of the building.

The defendant, on the 15th of June 1867, mortgaged lot No. 3, and on the 7th of August mortgaged lot No. 4. On the 8th of February 1868, he conveyed lot No. 4.

There was other evidence on both sides on the question whether the structure was one or two buildings; the opinion of some witnesses was that it was one building, of others that it was two.

The defendant's second point was:—

"If the jury believe from the evidence that this building was under one roof, with one attic over the whole, with one stairway wholly located upon one part, which must necessarily be used to enter any portion of the other part, with one privy wholly located upon one side and intended to be used for both sides of the building, with no exterior line of demarcation showing a division, then the structure is in the present instance but one building, and the plaintiff cannot recover in this suit."

The court answered this point as follows:—

"We cannot affirm the defendant's second point, and restrict the jury, in the determination of this question, to only those facts therein specified. The jury in this case, between these parties in which the rights of creditors are not involved, may, in addition to those enumerated in the point, take into consideration all the other facts in evidence bearing upon the question, such as the acts, and declarations verbal and written, of the parties, the sale by the defendant, and delivery of possession of the structure upon and along with lot No. 4 to Mr. Jones, the encumbrance of one part by mortgage, the distinct and several occupation of the stores

[Munger *v.* Silsbee.]

upon the first floor, the fact of the two lots Nos. 3 and 4, and all the facts relative to the question. The facts stated in this point are well entitled to be considered by the jury, but they are to be considered along with the other relevant facts in the case, and a decision reached not upon a part only, but upon all the evidence pertinent to the inquiry."

The verdict in each scire facias was for the plaintiff for $774.

The defendant took out writs of error, and assigned for error the answer to his point and the admission of the evidence stated in the bills of exception.

*W. G. Ward* and *A. Hand,* for plaintiff in error.—As to the charge: Young *v.* Chambers, 3 Harris 267 ; Sergt. Mech. Lien Law 84 ; Smith *v.* Nelson, 2 Phila. R. 113 ; Campbell *v.* Furniss, Id. 110 ; Taylor *v.* Montgomery, 8 Harris 443 ; Lauman's Appeal, 8 Barr 473. As to the evidence : Hale *v.* Ard, 12 Wright 24 ; Alexander *v.* Hoffman, 5 W. & S. 384 ; Nickle *v.* Baldwin, 4 Id. 290 ; Petriken *v.* Baldy, 7 Id. 429 ; Schnader *v.* Schnader, 2 Casey 384 ; Shoemaker *v.* Kellogg, 1 Jones 310 ; Poultney *v.* Ross, 1 Dallas 238.

*D. C. Harrington* and *Willard & Royce,* for defendant in error. —As to apportioned lien : Acts of March 30th 1831, § 4 ; June 16th 1836, § 15 ; April 25th 1850, § 38, Purd. 711, pl. 20–22 ; Pennock *v.* Hoover, 5 Rawle 291 ; Taylor *v.* Montgomery, 8 Harris 443 ; Hill's Est., 3 Penna. Law J. 323 ; Singerly *v.* Doerr, 12 P. F. Smith 9.

The opinion of the court was delivered, May 5th 1870, by

THOMPSON, C. J.—These writs of error bring up the same questions precisely. They arose on the trial of two sci. fas. sur mechanics' lien. The claim in each case was upon a joint lien and an apportioned claim, and the main question was whether the structure was a single or double building, constituting one or two tenements, and whether it was proper to treat that as a question of law, or of fact and law.

The learned judge below, under the circumstances, regarded it as a mixed question of law and fact, and in this he was undoubtedly right. It has been somewhat tritely said by our own court in a contest about whether the building was a new structure or only a repair, that the court would decide the question when it was easy, but when difficult it was for the jury to decide. The meaning of this was, that when it depended on disputed facts it was a question for the jury and not alone for the court. In the case in hand, the houses were built together, without any external division excepting as the internal structure showed the purpose to be two tenements. The building is occupied separately, as two—was sold

and mortgaged separately by the builder, the defendant in the case. Interiorly it was divided by brick walls on the ground and second floors; each side having its own door, stairway and hall. But because there was a door in the partition on the second floor and a common attic and stairway, the defendant claimed it to be a single building, and therefore that the apportionment of the lien destroyed it.

In this category the learned judge received evidence, not only of the kind of structure, but of the purposes to which the defendant had devoted it, selling one-half to one, and mortgaging the other half to another, and left the question whether a single structure or not to the jury, and they found that it was two buildings.

It is strange that this should be complained of. Whether one or two buildings was a fact, and a fact which might be proved between the owner and the builder. If the former chose to erect a structure, or building, after such a fashion as to leave it doubtful whether one or two distinct buildings were intended, can he complain that this is elucidated by proof? These buildings, in addition to their internal structure and use, were built on separate subdivisions of a larger block or lot, and were numbered 3 and 4 of the subdivisions of that block. It is true, neither this nor any one fact by itself fixed conclusively that the erection was single, but this, with other facts, and the treatment of the structure by the defendant, the owner, could not fail to fix its character as two distinct tenements, which required the lien to be apportioned. The subsequent acts of the defendant were proper evidence against himself, and served to show what he must have intended from the beginning. I refer to his sale and mortgage of the buildings separately. The acts and sayings are always evidence against a party to a case, if they relate to the subject-matter of the issue. On all this part of the case the learned judge's views and charge were sound and unexceptionable.

We see nothing wrong in admitting the entry in the plaintiff's original book of charges against the buildings of the item " Running cornice $200." The objection was that it was not itemized, and the days or time occupied in doing the work were not set out. A party who has received the benefit of such work, must be hard pressed for an excuse for not paying when obliged to resort to such an objection. That this work was done, and well done, we may suppose, for we hear of no objection on that score, it was patent on the building. It was there, and the owner has had the advantage of it. But without saying that we might not presume it to be a single item for work in the absence of evidence to the contrary, we see the item in the book was offered in connexion with testimony independently of the book and it was proved, and proved to have been done at the request of the defendant. This

[*Munger v. Silsbee.*]

relieves the question of all difficulty if any existed. This assignment of error is not sustained.

The exception taken to the charge in the book of "mortar for Rosenagle $4," does not seem to have been a proper charge to the buildings. That is its appearance here. It is but $2 against each building, and might be treated as *de minimis*. We will, however, allow the plaintiff to remit two dollars of the judgment in each case, and affirm the judgments on this condition.

As to the other assignments of error, there is nothing in them, and one of them is fatally defective in its particulars. We need not further notice them.

The judgment in each of these is affirmed.