# Curtis, Appellant, *v.* Miller.

*Husband and wife—Alienation of wife's affections—Evidence—Burden of proof—Harmless error—Appeal.*

1. In an action for damages for alienation of a wife's affections, where it appears that the wife left plaintiff's home and took up her residence in another city, the burden is on plaintiff to establish the fact of alienation, and that the wife's action was due to intermeddling on the part of defendant.

2. A letter written by defendant to the wife shortly after her marriage containing endearing expressions, and expressing surprise at her marriage, is not proof of subsequent interference by defendant.

3. Declarations by defendant that he intended to get her back, and would supply what she needed, while evidence of an intent to do the acts charged, are not proof that they were actually carried out.

4. A deed of real estate by defendant to the wife for a nominal consideration, executed after the suit was brought, is admissible, but, where it would not have added sufficient weight to the evidence already before the jury to warrant a finding that the affections of plaintiff's wife had been alienated by defendant, its exclusion is no ground for reversal.

5. The exclusion of letters written by plaintiff to his wife previous to their separation showing affectionate relations between them, is not ground for reversal of a judgment for defendant, where it appears that such letters were merely cumulative of other ample evidence to support this feature of plaintiff's case.

Submitted January 12, 1921.   Appeal, No. 215, Jan.
T., 1920, by plaintiff, from judgment of C. P. No. 2,
Phila. Co., March T., 1918, No. 974, on verdict for de-
fendant, in case of John S. Curtis v. Joseph B. Miller.
Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON,
KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for alienation of wife's affections.   Before
WESSEL, J.

The opinion of the Supreme Court states the facts.

At the trial the court gave binding instructions for de-
fendant.   Verdict and judgment for defendant.   Plain-
tiff appealed.

*Errors assigned* were various rulings on evidence
stated in the opinion of the Supreme Court, and binding
instructions for defendant, quoting the record.

*Henry J. Scott,* for appellant, cited: Ickes v. Ickes,
237 Pa. 582; Redding v. Gazzam, 200 Pa. 70; Miller v.
Wilson, 24 Pa. 114; Trout v. Kennedy, 47 Pa. 387.

*Thomas J. Meagher* and *William A. Gray,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 28, 1921:

Plaintiff sued to recover damages for alienation of
the affections of his wife.   A verdict was directed for de-
fendant and plaintiff appealed.   The court below held
the testimony failed to show that the affections of plain-
tiff's wife were alienated, but, even assuming such evi-
dence, sufficient proof was lacking to support a verdict
against defendant.

The evidence offered to show a loss of affection on the
part of the wife was that in December, 1917, six months
after marriage, she left Erie where she had resided with
her husband and returned to the home of her mother in
Philadelphia.   We find nothing in the evidence to indi-
cate the cause of this action upon her part, or whether

the residence thus chosen by her was to be a permanent one, or that she left Erie with intent to separate permanently from her husband. For all that appears in the testimony her change of residence might have been the result of a mutual agreement between herself and husband, or for other reasons with which the defendant was not concerned. The burden was on plaintiff to prove alienation of his wife's affections by acts of defendant, and if he relied upon her leaving the Erie home and taking up her residence in Philadelphia to prove a loss of affection for him, the burden was still upon him to furnish evidence to establish the fact that her action was due to intermeddling on the part of defendant.

To establish defendant's wrong-doing as charged, evidence was adduced showing that within a week after the marriage of plaintiff and his wife defendant wrote Mrs. Curtis from Philadelphia stating in effect his surprise on hearing of her marriage and informing her of his "lasting love" for her and that "I am here [meaning, no doubt Philadelphia] when you want me," together with many endearing expressions. This letter in itself, while wholly improper and reprehensible, is not proof of subsequent interference by defendant between plaintiff and his wife. It was, however, followed by evidence of declarations made by defendant that he "was going to do everything under the sun to get Min [Mrs. Curtis] back" and that he would supply her with everything needed. Although this was evidence of an intent to do the acts charged, it is not proof they were actually carried out. Other evidence submitted was that defendant and plaintiff's wife were seen together many times during the visits of Mrs. Curtis to Philadelphia in the summer and fall of 1917, that on one occasion on her arrival in Philadelphia from New York he met her at the railroad station and kissed her in the presence of her mother. Plaintiff also offered in evidence a deed dated January 26, 1919, over a year after the alleged separation between plaintiff and his wife, and ten months after this action

was commenced, in which defendant conveyed to plaintiff's wife, for a nominal consideration, and describing her as "unmarried," fifty-two acres of land, with the buildings and improvements, in the 35th Ward, Philadelphia. The court below excluded the deed because executed after this action was begun. Although of opinion the conveyance was admissible as one of a series of acts toward carrying out defendant's earlier intentions (Munger v. Silsbee, 64 Pa. 454, 457), and to render more certain the inference to be drawn from the previous conduct of the parties (Sherwood v. Titman, 55 Pa. 77; Stewart v. Hagerty, 251 Pa. 603; Keath v. Shiffer, 37 Pa. Superior Ct. 573), its admission in evidence would not have added sufficient weight to the evidence already before the jury to warrant a finding that the affections of plaintiff's wife were alienated by defendant, consequently, its exclusion is not ground for reversal: Irwin v. Trego, 22 Pa. 368; Galbraith v. Zimmerman, 100 Pa. 374.

Complaint is also made that the trial judge erroneously excluded letters written to plaintiff by his wife previous to their separation showing the happy and affectionate relations existing between them. These were excluded on the ground that they were declarations not made in the presence of defendant. They were, however, competent as tending to prove that plaintiff enjoyed the affections of his wife—a proper subject of inquiry: Ash v. Prunier, 105 Fed. 722; Rubenstein v. Rubenstein, 60 N. Y. Ap. Div. 238, 240; Jameson v. Tully, 173 Pac. (Calif.) 577. However, there was ample evidence to support this feature of plaintiff's case and the action of the trial judge in directing a verdict for defendant was based on the absence of sufficient proof that defendant was instrumental in depriving plaintiff of his wife's affections. The evidence was merely cumulative and, if admitted, would not have changed the result. Its exclusion, consequently, under the circumstances, is not ground for reversal.

The judgment is affirmed.