## Alden et al. *versus* Bogart.

1. In a trial on a *scire facias* on a judgment, a defendant cannot be allowed to urge matters of defence which existed before the judgment.

ERROR to the Court of Common Pleas of *Wyoming county*.

*H. Wright*, for plaintiff in error.

————, for defendant in error.

The facts of the case fully appear in the following opinions of the court, delivered May 18, 1854.

LEWIS, J.—The question in this case is, can a defendant in a *scire facias* upon a judgment, be allowed to urge matters of defence which existed before the judgment?   The court below was correct in answering the question in the negative.   The principle is too well settled to require an argument to support it.   It is immaterial whether the judgment was entered upon confession, or upon trial; nor can it make any difference that the plaintiff below read to the jury the instrument which was the original cause of action.   This was unnecessary, and did not prejudice his case, nor change the character of the issue.   As the judgment should be affirmed for this reason, I do not consider it necessary to examine into the merits of a defence which has already been adjudicated, and is not legitimately before us.

Judgment affirmed.

BLACK, J.—The plaintiff below entered up judgment against the defendant, on a note with warrant of attorney for $311.50. The defendant moved the court to open the judgment, not because the note was originally fraudulent, nor because it had been paid before the date of the judgment, but because the plaintiff's

[Alden et al. *v.* Bogart.]

clerk had indorsed on the note a credit of $62.43, which credit was afterwards erased by the plaintiff himself, who alleged that it was indorsed by mistake, and applied the payment otherwise. The court decided this indorsement to be equivalent to a payment *pro tanto*, but would not open the judgment, or allow any defence as to the residue of the debt; whereupon the plaintiff gave credit for the $62.43, and issued a *scire facias* to revive judgment for the balance, to which the defendants pleaded payment. On the trial, the same erasure was relied upon as a defence to the whole claim, but the court was against it. The declarations of the plaintiff, previous to the entry of the judgment, were offered and rejected.

It is plain and manifest, that if we put the worst possible construction on the conduct of the plaintiff, in erasing the credit from the note, the defendants have, nevertheless, all the advantage which they can reasonably claim. The credit stricken out was afterwards allowed. The parties are in the condition they would have been in, if no erasure had ever been made. It is true, that an alteration made in a note by the holder, without the assent of the maker, renders it altogether void and worthless in a court of law; and I will not say that an erasure of a credit on the back of a paper, may not be as fatal as if made in the body of it. This is the legal penalty for tampering with written instruments. But after judgment on a note, no advantage can be had of an alteration previously made, except by an appeal to the equitable jurisdiction of the court; and then the judge, acting as a chancellor, may content himself with doing justice between the parties, without executing vengeance on either. Here an application was made to open the judgment. The court might have let in a defence to the whole claim; and if it had, perhaps the plaintiff would have lost the debt. But this would have been acting with a severity altogether uncalled for by the circumstances of this case. It was a far wiser and better exercise of discretion, to give the defendants the benefit of the credit erased, and direct them to pay what was not denied to be due. This was simply compelling both parties to be honest. The motion to open the judgment being thus disposed of by entering a credit for the disputed part of the debt, and by discharging the rule as to the balance, there could be no defence to the *scire facias*, founded on facts of a date anterior to the judgment; the validity of the note was *res judicata*, and so was its non-payment.

The ruling of the court on the points of evidence, was all based on these principles, and was therefore right. We have not taken up the errors alleged *seriatim*, because not one of them is properly assigned.

Judgment affirmed.