# Pittsburgh, Cincinnati and St Louis Railway Company *versus* Marshall.

1. The merits of the original judgment cannot be entered into by the defendant in a scire facias upon that judgment.

2. A decree of court declaring the mortgages executed by a railroad company to be the first lien on its property and franchises, does not give them precedence over the prior lien of a party who had no notice of the proceedings and was not a party nor privy to the decree.

October 5th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1876, No. 190.

This was a scire facias to revive and continue the lien of a judgment.

In February 1868, Frederick Marshall recovered a judgment against the Pittsburgh and Steubenville Railway Company, for $5956.11, in default of an appearance and affidavit of defence, the action being in assumpsit for work done by the plaintiff in the construction of the road of said company.

The suit was brought on two orders, drawn by the president and directors of the Pittsburgh and Steubenville Railway Company, which were severally dated September 16th 1856, and accepted by the president of said company on the 12th day of May 1862, together with an acknowledgment of indebtedness, without date, signed by the secretary of the company. A scire facias issued "with notice to the Pittsburgh, Cincinnati and St. Louis Railway in accordance with the provisions of the Act of Assembly of April 4th 1862, relative to assignments, &c.," to continue the lien of the plaintiff's judgment against the defendant's road, and to show cause why execution should not be levied thereon, and in February 1869, judgment by default was recovered against the said Pitts-

burgh, Cincinnati and St. Louis Railway, for the original judgment with interest.    On this judgment, and to revive and continue this lien, another scire facias issued in November 1873, and the affi-davit, which in substance follows, was filed in this last proceeding in pursuance of an agreement between counsel that it "should be treated with like effect as if the same had been filed in proper time under the rules of court in this case."

The affidavit of defence filed by the Pittsburgh, Cincinnati and St. Louis Railway Company denied any indebtedness to the plaintiff or to the Pittsburgh and Steubenville Railway Company, or any connection with said company, either as vendee, assignee or otherwise, and denied further, that the Pittsburgh and Steubenville Railway Company made any assignment so as to hinder, delay, postpone, endanger or defeat creditors, and averred that the Pittsburgh and Steubenville Railway Company was incorporated March 24th 1849 ; that on August 1st 1856 (nearly six years prior to the date of plaintiff's acceptances on which he recovered his judgment) said company executed a mortgage to Thomas McElrath on all its property and franchises ; that subsequently said company issued another mortgage on all its property and franchises to the Western Transportation Company ; that in 1856, McElrath filed a bill in equity in the Supreme Court to foreclose the mortgage of which he was trustee ; that said effort was successful, and a decree entered for the sale of said road.  (See McElrath *et al. v.* Pittsburgh and Steubenville Railway *et al.*, 5 P. F. Smith 189.)    That, in accordance with this decree, said road was sold on the 6th of March 1867, and the fund realized therefrom distributed by a master in chancery ; that the purchaser and those in whose behalf he purchased, organized the Pan-Handle Railroad, which by subsequent transfers and consolidations with other railways finally became a corporation under the corporate name of the Pittsburgh, Cincinnati and St. Louis Railway Company.   It was admitted that the work for which recovery was sought was done in the construction of the Pittsburgh and Steubenville Railway Company.

Upon the filing of the above affidavit the plaintiff entered a rule for judgment for want of a sufficient affidavit of defence, assigning as a reason that under the facts, as admitted by said affidavit, the plaintiff is entitled to judgment, the whole question having been fully considered and recently decided by the Supreme Court of the United States in the case of Edmund Fox *v.* Jos. H. Seal *et al.*, 22 Wall. 424.   See report of same in Pittsburgh Legal Journal of March 10th 1875.

On the 1st of July 1876, the court made the rule absolute and entered judgment for the plaintiff for $9113.38, which entry was assigned for error by the company which took this writ.

*Hampton & Dalzell,* for plaintiff in error.—Frederick Marshall,

[Pitts., Cin. & St. L. Railway Co. v. Marshall.]

the plaintiff below, has no claim against the Pittsburgh, Cincinnati and St. Louis Railway Company, the defendant below, unless by virtue of the legislative resolution of January 21st 1843 (Purd. Dig. 1, p. 90), which is in these words :

" It shall not be lawful for any company incorporated by the laws of this Commonwealth, and empowered to construct, make and manage any railroad, canal or other public improvement, while the debts and liabilities, or any part thereof, incurred by the said company to contractors, laborers and workmen employed in the construction or repairs of said improvement remain unpaid, to execute a general or partial assignment, conveyance, mortgage, or other transfer of the real or personal estate of the said company, so as to defeat, postpone, endanger or delay their said creditors, without the written assent of the said creditors first had and obtained ; and any such assignment, conveyance, mortgage or transfer shall be deemed fraudulent, null and void, as against any such contractors, laborers and workmen, creditors aforesaid."

Marshall cannot invoke the protection of this resolution, because the mortgage, under which the defendant in error claims, was executed prior to the time when the Pittsburgh and Steubenville Railroad Company's liability to Marshall arose. He did not become a creditor of the company until May 12th 1862, while the mortgage was executed August 1st 1856.

The evidences of his claim are two orders on the Pittsburgh and Steubenville Railroad Company, dated September 16th 1856, accepted by said company May 12th 1862, and an acknowledgment of indebtedness presumably of the latter date. There is no averment in the affidavit of claim that these accepted orders represent the price of work done prior to August 1st 1856, or that the certificate of indebtedness is for work done at all ; and certainly no presumption exists to supply a material averment omitted in the plaintiff's own statement of his case.

Fox v. Seal, 22 Wall. 424, Tyrone and Clearfield Railroad Co. v. Jones, 29 P. F. Smith 60, do not rule this case, as in both those cases the claims enforced originated prior to the conveyances which were declared invalid, while here the liability to Marshall arose after the execution of the mortgage.

*Thomas C. Lazear*, for defendant in error.—This case is a scire facias to revive and continue the lien of a judgment. The affidavit of defence, in the absence of the agreement of counsel under which it was filed, was, therefore, a nullity, for it sought to go behind the judgment and to set up matters entering into its merits. But in no case of a scire facias on a judgment is a defence of this kind allowed, nothing being admissible as a defence except matters occurring since the rendition of the judgment, as a release or satisfaction : Cardesa v. Humes, 5 S. & R. 68 ; Curtis v. Slosson, 6 Barr 265.

[Pitts., Cin. & St. L. Railway Co. *v.* Marshall.]

The affidavit of defence, therefore, so far from alleging anything that would impugn the plaintiff's original judgment, or tend in the slightest degree to show that it was not within the protection of the resolution of January 21st 1843, admits all that is necessary to sustain it, unless the sale under the mortgage and the subsequent assignments mentioned in the affidavit, would have defeated the original scire facias in which the judgment was recovered.    But that the mortgage and assignments would not have this effect, it is enough to refer to the cases of Fox *v.* Seal, 22 Wall. 424, and the Tyrone & Clearfield Railroad Co. *v.* Jones, 29 P. F. Smith 60. The liability arose when the work was done by him on the company's road, some time prior to the 1st of November 1855.    The orders, &c., mentioned in plaintiff's affidavit as evidences of the debt, and bearing date subsequently to the performance of the work, are only evidences, but by no means the creation of the debt. To say that they were would not only be an assumption without proof and against the truth, but against the positive admissions of the defendants themselves verified by their affidavit.

Mr. Justice MERCUR delivered the opinion of the court, October 22d 1877.

The original judgment was against the Pittsburgh and Steubenville Railroad Company.    It was recovered for work done by the defendant in error in the construction of the railroad for that company.    The indebtedness was evidenced by written certificates dated 16th September 1856.    The corporation became insolvent.    All its property, real and personal, and its franchises were sold under a decree of court, and the company ceased to exist.    The purchaser and others for whom he acted, organized a railroad company.    After some further changes and transfers, the whole property and franchises became vested in the plaintiffs in error ; subsequently to this a scire facias issued on the original judgment, with notice to the plaintiffs in error, under the Act of April 4th 1862, Purd. Dig. 91, pl. 6, and judgment by default was duly recovered against it. On that judgment, and to revive and continue the lien thereof, this scire facias issued.    It issued against the same parties who were defendants in the judgment recovered on the former scire facias. The plaintiffs in error were therefore restricted in their defence to either denying the existence of the judgment on which the sci. fa. issued, or to showing payment or some equitable defence, which had arisen subsequent to its rendition.    It is well settled that the merits of the judgment on which the scire facias issued cannot be inquired into :  Cardesa *v.* Humes, 5 S. & R. 68 ; Lysle *v.* Williams, 15 Id. 135 ;  Davidson *v.* Thornton, 7 Barr 128 ;  McVeagh *v.* Little, Id. 279 ;  Alden *et al. v.* Bogart, 2 Grant 400 ; Stewart *v.* Colwell, 12 Harris 67.

No plea of *nul tiel record* was interposed.    The affidavit of defence

[Pitts. Cin. & St. L. Railway Co. *v.* Marshall.]

avers no fact which has arisen since the recovery of the former judgment.

It is true an application made to open that judgment was refused; but the action of the court therein is not before us for review. It therefore stands in substance and in form on the record as a valid judgment, and conclusive of the matters therein adjudged.

It is contended that the decree made in McElrath *v.* The Pittsburgh & Steubenville Railroad Co., 5 P. F. Smith 189, declaring the mortgage executed by that company to be the first lien on its property and franchises, gave it priority over the lien of the defendant in error, and that the sale under the mortgage divested all other liens.

Inasmuch, however, as the defendant in error had no notice of those proceedings, and was neither a party nor privy to that decree, he is in nowise bound thereby.

It is further urged that giving due effect to the cases of Fox *v.* Seal, 22 Wall. 424, and Tyrone & Clearfield Railroad Co. *v.* Jones, 29 P. P. Smith 60, yet, inasmuch as the affidavit of defence avers that the mortgage, under which the plaintiff in error claims, was executed on the 1st of August 1856, that is prior to the date of the certificates, on which the defendant in error recovered, and therefore the lien of the latter was divested by the sale under the mortgage.

The affidavit omits to state on what day the mortgage was delivered or recorded. The case of McElrath *v.* Pittsburgh & Steubenville Railroad Co., *supra*, is referred to as establishing the priority of its lien. A reference to that case shows that while the mortgage was dated on the 1st of August 1856, yet it was not, in fact, until the 9th of October following that the final order was made for the issuing thereof. It was acknowledged on the day thereafter, and not recorded until the 20th of October. The lien of the defendant in error was therefore prior in time; hence it follows that the defence set up is not only too late in point of time, but manifestly insufficient, if it had been averred during the pendency of the first scire facias.

Judgment affirmed.

Agnew, C. J., dissents.