## Nolt *v.* Crow, Appellant.

*Mechanic's lien—Judgment—Collateral attack.*

The rule that a judgment obtained in a court of competent jurisdiction, whether by ordinary process or by confession, cannot be impeached collaterally, except for fraud or collusion, embraces a judgment in a scire facias on a mechanic's lien.

A judgment on a mechanic's lien ranks, as a judgment, from the date of its entry. As against incumbrances of later date it is, on the face of the record, a prior lien on the property bound by it. Against incumbrances earlier in date, however, the matters that give it priority, under the mechanic's lien law, must be affirmatively shown since the judgment implies nothing beyond the indebtedness on which it is based. To give it such priority, proof must be made that the building to which it relates

was commenced before such incumbrances were created; that work was done or materials furnished by the claimant, for or about the construction of the building, for which the law gives a lien, and that the claim therefor was filed as lien within six months thereafter.

*Mechanic's lien—Building contract—Waiver of performance.*

The measure of performance of a building contract is a matter which concerns only the parties to the contract. The owner may waive any feature of it which is designed merely for his benefit, such as delay in performing, failure to complete, or defects in the quality of the work or materials. If the contractor has done, to the satisfaction of the owner, anything for which the law gives him a lien, his lien cannot be impeached by other incumbrances on the ground of incomplete performance. If the contract provides that the work shall be finished to the " satisfactory approval and acceptance " of the owner, and the owner subsequently confesses judgment to the contractor for the prices fixed by the contract, such judgment cannot, in the absence of fraud or collusion, be attacked collaterally by another incumbrancer.

*Contracts—Divisible and separable—Building contract.*

Whether a contract is entire or divisible depends on the intention of the parties, as manifested by the language employed, rather than on the character of the subject-matter or of the consideration, though this is an aid in determining the intent. If the part to be performed by one party consists of several distinct items, and the price to be paid by the other is apportioned to each item, or is left to be implied by law, generally, the contract is held to be severable. So where the price to be paid is distinctly apportioned to different parts of what is to be performed, though the latter is in its nature single.

The subject-matter of a building contract was certain work to be done on eighty-six houses. The price of work on each house was separately fixed. Payments were to be made in such amounts and at such times as enumerated in bid or estimate. After payment of the contract price of a house, a release of liens on the houses paid for was to be given; and in default of payment a lien might be filed for the amount then unpaid, and only. on the houses not paid for. *Held,* that the contract was divisible since as to subject-matter, the consideration and the remedy, each building was separately dealt with.

*Evidence—Public records—United States weather bureau—Appeals.*

The record of United States weather bureau are public records, and as such are admissible in evidence. Where, however, papers offered in evidence and rejected by the trial court are alleged to be such records, but are not printed in the appellant's paper-book, the appellate court has nothing before it from which it can determine whether the ruling of the trial court was or was not erroneous.

Argued Dec. 10, 1902.    Appeal, No. 128, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T.,

1899, No. 708, on verdict for plaintiff in case of Abraham W. Nolt v. Alexander Crow, Jr. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit against the sheriff for an alleged wrongful distribution of funds raised by a sheriff's sale of real estate. Before PENNYPACKER, P. J.

At the trial it appeared that on October 1, 1897, A. W. Nolt contracted with Henry L. Weer to do all the painting and glazing upon eighty-six houses which Weer was then building in the city of Philadelphia. A mortgage against the property was recorded on September 16, 1898. Plaintiff filed a mechanic's lien on May 17, 1899. A scire facias was issued on the mortgage, and judgment entered thereon on November 4, 1899. On May 25, 1899, judgment was confessed on a mechanic's lien on four of the buildings. The land bound by the above incumbrances was sold on the mortgage judgment, and the proceeds paid by the sheriff to the mortgagee. The defendant alleged that there were defects in the claims filed, and that it was not filed within six months after the completion of the work.

The court rejected under exceptions certain papers alleged to be United States weather bureau reports to show the character of the weather on November 17, 18 and 19, 1898.

The court refused binding instructions for defendant. [1]

Defendant presented this point:

1. As the plaintiff's contract with the owner of the premises in question was an entire contract for painting and glazing eighty-six houses for a lump sum of $5,001, and as the claim filed is for work done under this contract on sixty-two of said houses for the aggregate sum of $3,415, and as the said claim contains no averment that the work under the contract was completed or that such completion was excused or prevented by the owner, the said lien claim is defective in law, and being defective it created no such valid lien upon the said premises as entitled it to share in the distribution of the fund raised by the sheriff's sale. The sheriff, therefore, properly disregarded the claim in making distribution of the fund. *Answer:* I decline that point. [3]

Verdict and judgment for plaintiff for $337.09. Plaintiff appealed.

*Errors assigned* were (1, 3) above instructions, quoting them; (2) ruling on evidence but not quoting the papers rejected.

*Sharswood Brinton,* for appellant.—The mortgage was recorded before the judgment on the claim was entered. As between lien claimants the lien of the judgment entered upon a mechanic's claim dates only from the date of the entry of judgment: Safe Deposit Co. v. Columbia Iron & Steel Co., 176 Pa. 536; Norris's Appeal, 30 Pa. 122; Dalzell v. Patterson, 6 W. N. C. 493.

In a contest over the fund raised by the sheriff's sale any lien creditor can raise any objection to the validity of the claim; Norris's Appeal, 30 Pa. 122; Safe Deposit Co. v. Columbia Iron & Steel Co., 176 Pa. 536; Dalzell v. Patterson, 6 W. N. C. 493; Knabb's App., 10 Pa. 186; McAdam v. Bailey, 1 Phila. 297.

The contract in the suit in hand is an entire contract: Shinn v. Bodine, 60 Pa. 182; Quigley v. DeHaas, 82 Pa. 267; Easton v. Jones, 193 Pa. 147; West Republic Mining Co. v. Jones, 108 Pa. 55; Shires v. O'Connor, 4 Pa. Superior Ct. 465; Parmentier v. Wheat, 33 Pa. 192; Lucesco Oil Co. v. Brewer, 66 Pa. 351.

*Alfred D. Wiler,* for appellee.

OPINION BY SMITH, J., January 20, 1903:

That a judgment obtained in a court of competent jurisdiction, whether by adversary process or by confession, cannot be impeached collaterally, except for fraud or collusion, is a principle established by a long and unbroken chain of authorities. In its application, it embraces a judgment in a scire facias on a mechanic's lien: Lauman's Appeal, 8 Pa. 473; Imperial Refining Company's Appeal, 149 Pa. 139.

A judgment on a mechanic's lien ranks, as a judgment, from the date of its entry. As against incumbrances of later date, it is, on the face of the record, a prior lien on the property bound by it. Against incumbrances earlier in date, however, the matters that give it priority, under the mechanic's lien law, must be affirmatively shown, since the judgment implies nothing beyond the indebtedness on which it is based. To give it such priority, proof must be made that the building to which it re-

lates was commenced before such incumbrances were created; that work was done or materials furnished by the claimant, for or about the construction of the building, for which the law gives a lien; and that the claim therefor was filed as a lien within six months thereafter.

In the present case, a mortgage was recorded September 16, 1898, and a mechanic's lien was entered May 17, 1899. A scire facias was issued on the mortgage, and judgment obtained November 4, 1899. In an amicable scire facias on the mechanic's lien, judgment by confession against four buildings was entered May 25, 1899. The land bound by these incumbrances was sold on the mortgage judgment, and the proceeds paid by the sheriff to the mortgagee. The holder of the mechanic's lien brings this action to recover its amount from the sheriff, alleging that it was in fact the first lien, and that payment to the mortgagee was wrongful.

The judgments added nothing to the liens that arose from the recording of the mortgage and the filing of the mechanic's claim. They operate only to shut out some matters of defense that might otherwise have been presented. In this aspect, we have only the judgment on the mechanic's lien to consider, since nothing is alleged against the mortgage or the judgment thereon.

It is admitted that work on the building was commenced before the mortgage was recorded, and it cannot be denied that the work done and the materials furnished by the claimant were of the character for which the law gives a lien. It is further alleged, by the claimant, that his claim was filed within the statutory period. On the part of the defense, it is alleged that there are defects in the claim filed which make it invalid as a lien, and that it was not filed within six months after the completion of the work.

Apart from the alleged delay in filing, the principal ground on which the mechanic's lien is assailed is that the contract for the work, which embraced eighty-six buildings, was entire, and not divisible; that full performance has not been shown; and that without full performance there can be no recovery or right to a lien.

The measure of performance is a matter that concerns only the parties to the contract. The owner may waive any feature of it which is designed merely for his benefit. He may, for in-

stance, waive delay in performing, failure to complete, or defects in the quality of the work or materials. It is sufficient if the claimant has done, to the satisfaction of the owner, anything for which the law gives a lien. He is not bound to perform his contract, nor is the owner required to hold him to it, merely to serve the purpose of those who are not parties to it. If other incumbrancers may impeach his lien on the ground of incomplete performance, they may with equal right impeach it for failure to perform within the stipulated time, or for defects in the work or materials. The owner may stand on the letter of the contract, and hold the claimant to its terms, if he so chooses, but strangers to the contract have no such right. And whatever the right of other incumbrancers to contest the builder's right to a lien, while it remains in the form of a claim filed, it is barred by judgment on the claim. In the absence of fraud or collusion, such judgment is conclusive of the right to a lien. It is, however, conclusive only of this ; it has no effect in fixing priority of lien, as against other incumbrancers, and is not even prima facie evidence of the matters essential to priority.

It is admitted that the claimant released his lien on all the buildings except the four against which judgment was confessed, and that no question is here involved except as to these four. The contract between the parties expressly provides : " The said work to be finished agreeably to the directions and to the satisfactory approval and acceptance of the party of the second part." As to the four houses in question, the owner— the only party interested in the performance—has manifested his " satisfactory approval and acceptance " in the most conclusive manner, by a confession of judgment for the prices fixed by the contract. It is not for strangers to the contract to say that he should not have accepted the performance, or that the claimant should not have obtained judgment. There is no allegation of fraud or collusion in the premises, and on no other ground can the judgment be impeached collaterally.

But even conceding the right of collateral attack, the allegation on which it is here attempted has nothing to rest on. Whether a contract is entire or divisible, depends on the intention of the parties, as manifested by the language employed, rather than on the character of the subject-matter, or of the consideration, though this is an aid in determining the intent. " If the part to be performed by one party consists of several

distinct items, and the price to be paid by the other is apportioned to each item, or is left to be implied by law, generally, the contract is held to be severable. So, where the price to be paid is distinctly apportioned to different parts of what is to be performed, though the latter is in its nature single:" West Republic Mining Co. v. Jones, 108 Pa. 55; Hyndman Water Co. v. Boro. of Hyndman, 7 Pa. Superior Ct. 191. In the present case, the contract has all the elements of a divisible contract. The subject-matter is certain work to be done on eighty-six houses; the price of the work, on each house, is separately fixed; payments are to be made "in such amounts and at such times as enumerated in bid or estimate;" after payment of the contract price per house, a release of liens on the houses paid for is to be given; and in default of payment a lien may be filed for the amount then unpaid, and only on the houses not paid for. Here is an obvious division of the subject-matter, the consideration, and the remedy; as to these, each building is separately dealt with. The intention of the parties, that the contract shall be divisible, abundantly appears.

The evidence respecting the dates at which the last work was done by the claimant, though somewhat meager, was sufficient to require the submission of the question to the jury, and we have no authority to review their finding.

As to the second specification, we cannot say that the trial judge erred in rejecting the defendant's offer. The records of the United States Weather Bureau are public records, and as such are admissible in evidence: Evanston v. Gunn, 99 U. S. 660. Yet, while the papers offered in evidence on the part of the defendant were described by his counsel as such records, neither in the specification nor in connection with the offer are they printed. The error alleged in the premises is not assigned in accordance with the rules of this court, which provide (Rule XVI.) that "When the error is as to the admission or rejection of a writing, a full copy of the writing must be printed in the paper-book." As the papers offered are not before us, it is impossible to rule on their admissibility. We cannot determine whether they were in fact the records which they were described as being, or, if they were such, whether they would show the matters which the defendant offered to prove by them.

The record appearing free from error, the judgment is affirmed.