## Prudential Trust Company to use v. Hildebrand (No. 1).

*Mechanics' liens—Judgment—Mortgage—Invalid lien—Priority.*

Where the lien of a mortgage is prior in date to a judgment entered upon a scire facias sur mechanic's lien, but is subsequent to the date at which the work upon the building was commenced, the mortgagee may upon a distribution of the fund raised by the sale of the building, attack the validity of the mechanic's claim upon which the judgment in the scire facias was obtained. If the court finds for sufficient reasons that the mechanic's claim was invalid, the mortgage will be entitled to priority over the judgment in the distribution of the fund.

*Appeals—Assignments of error—Exceptions to auditor's report.*

Assignments of error to rulings on exceptions to an auditor's report are not in accordance with the rule, where they do not set forth the decree of the court, or the exceptions and the rulings thereon.

Argued April 16, 1907. Appeals, Nos. 123, 130, 131, 132, 133 and 134, April T., 1907, by Ella A. Harton and Harry M. Harton, Executors of John E. Harton, deceased, from order

of C. P. No. 1, Allegheny Co., Sept. T., 1905, No. 57, on exceptions to auditor's report in case of The Prudential Trust Company to use of Michael P. Howley v. W. E. Hildebrand, former owner, with notice to Frank P. Howley, present owner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of John G. MacConnell, Esq., auditor, appointed to distribute funds raised by sheriff's sale of real estate.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in the following form:

1. The court erred in sustaining the objections to appellants' mechanics' liens, which denied their right of lien, and in holding the liens invalid.

2. The court erred in not holding that such right of lien was conclusively established by the judgments obtained thereon, and that in the absence of fraud or collusion, such judgments could not be impeached collaterally.

3. The court erred in not holding that the right of lien being established by the judgments, and the priority of the lien of the judgments over the mortgage having been shown, such judgments were entitled to distribution in preference to the mortgage.

4. The court erred in not decreeing distribution to the mechanic's lien judgments.

*W. H. S. Thomson*, with him *Frank Thomson* and *C. C. Brock*, for appellants.—This case is ruled by Nolt v. Crow, 22 Pa. Superior Ct. 113.

*R. B. Petty*, with him *T. B. Alcorn*, for appellee.—The mortgagee was not a party to the proceedings on the mechanics' liens, and, therefore, never had an opportunity to contest the liens until the question of distribution arose: Norris's App., 30 Pa. 122; McCay's App., 37 Pa. 125; Safe Deposit Co. v. Iron & Steel Co., 176 Pa. 536; McAdam v. Bailey, 1 Phila. 297.

OPINION BY BEAVER, J., October 7, 1907:

The assignments of error in this case are not in accordance with our rule XV, which requires that, "When the error assigned is to the charge of the court, or to answer to points, or to findings of fact or law, the part of the charge, or the points and answers, or findings referred to, must be quoted totidem verbis in the assignment." There is no reference whatever in any of the assignments to the opinion of the court or to its decree. The rulings of the court, to which objection is made, should have been specifically referred to and quoted. Inasmuch, however, as the appellee does not except to the character of the assignments, we disregard their irregularity and will dispose of them on their merits, as the real question involved can be ascertained.

The question raised by the appeal is as to the effect of a judgment in a scire facias upon a mechanic's lien, as against a mortgagee whose lien is prior to the date of the judgment but subsequent to the date at which the work upon the building was commenced, toward the construction of which the materials for which the lien was filed were delivered.

The court below held the lien filed in this case to be invalid and awarded the money, on a distribution of the funds in the hands of the sheriff, raised by the sale of the property upon which the mortgage was an admitted lien and against which the lien of the appellant was filed, to the mortgagee, less certain other mechanics' liens which are not here disputed.

The assignments of error, although four in number, raise but a single question, which is thus stated by the appellant: "In the absence of fraud or collusion, can the mortgage creditor be heard to attack the judgments and liens on any ground save those which fix the priority of lien?"

The court below held that the liens in this, and other cases which follow, were absolutely invalid, the subcontractors who filed them having no right to file a lien. The appellant does not dispute the findings of the court in this respect and does not assign for error the statement of the ground upon which the finding is based. His contention is that, a judgment having been rendered in the scire facias upon the lien, the right to file the lien was thereby established, as against the appellee and all others interested, and that the only ground upon which the

appellee could be heard to question the right of the appellant to the money upon his judgment was that of the priority of the lien. It is not necessary, therefore, for us to inquire particularly as to the grounds upon which the court held the lien invalid.

Could the appellee take advantage of the invalidity of the lien, after judgment upon the scire facias?

This question has been settled in a number of cases. One of the latest is Safe Deposit Co. v. Iron & Steel Co., 176 Pa. 536, in which Mr. Justice FELL clearly sets forth the effect of a judgment upon a scire facias, so far as it relates to persons other than those directly interested therein as parties : " A mechanic's lien is a claim only, and its averments and dates establish nothing. A judgment obtained upon it is, of course, conclusive against the owner, but he cannot waive the right of creditors to insist that the lien is invalid. As to them it is a judgment from its date only, and not even prima facie evidence of the relation of the lien to the commencement of the work on the ground. In the opinion filed by SHARSWOOD, J., in the district court of Philadelphia and adopted as the opinion of this court, in Norris's Appeal, 30 Pa. 122, he said : ' In a contest between mechanics and others for a fund in court, a judgment obtained by a mechanic on a scire facias is as to other claimants res inter alios acta and not even prima facie evidence. As a judgment it ranks merely from its date. To come in as a lien, it must be proved so as to entitle it to relate to the commencement of the building.' This case was distinctly recognized and followed in McCay's Appeal, 37 Pa. 125, and Hahn's Appeal, 39 Pa. 409. The averments and dates in the lien were not aided by the judgment on the scire facias and they were not in themselves sufficient to sustain the finding that the lien was filed within six months of the completion of the work. "

It will be observed that this decision recognizes the right of the contesting creditor to inquire not only as to the priority, but to go much deeper and question the very validity of the lien. This being so, the court below had the right to inquire as to the validity of the lien, and, having found it invalid for reasons sufficiently set forth in the opinion of the judge who heard the case, the distribution made by him should be sustained.

It is claimed by the appellant, however, that our case of Nolt v. Crow, 22 Pa. Superior Ct. 113, is in conflict with this conclusion, or that it at least limits a contesting creditor to the simple question of priority and that the judgment in the scire facias fixes the validity of the lien. We do not so understand it. In that case, Judge SMITH says: " A judgment on a mechanic's lien ranks, as a judgment, from the date of its entry. As against incumbrances of later date, it is, on the face of the record, a prior lien on the property bound by it. Against incumbrances earlier in date, however, the matters that gave it priority under the mechanic's lien law must be affirmatively shown, since the judgment implies nothing beyond the indebtedness on which it is based." It follows, of course, that the validity of the lien must be established, and the right to inquire into it is not taken away by the entry of the judgment. It is true that Judge SMITH follows what has been quoted by remarks relating solely to the question of priority, saying: " To give it such priority, proof must be made that the building to which it relates was commenced before such incumbrances were created; that work was done or materials furnished by the claimant, for or about the construction of the building, for which the law gives a lien; and that the claim therefor was filed as a lien within six months thereafter." This, of course, is correct, and assumes that the lien for which priority was claimed was valid, for, if invalid, there could, be no priority, because there was no lien. In that case, however, the question as to the validity of the lien was not involved. The only question was as to the right of other creditors to dispute the amount of the judgment. As to this, Judge SMITH, in his opinion, says:

" Apart from the alleged delay in filing, the principal ground on which the mechanic's lien is assailed is that the contract for the work, which embraced eighty-six buildings, was entire, and not divisible; that full performance has not been shown; and that without full performance there can be no recovery or right to a lien.

" The measure of performance is a matter which concerns only the parties to the contract. The owner may waive any feature of it which is designed merely for his benefit. He may, for instance, waive delay in performing, failure to complete, or defects in the quality of the work or materials. It is suffi-

cient if the claimant has done, to the satisfaction of the owner, anything for which the law gives a lien.   He is not bound to perform his contract, nor is the owner required to hold him to it, merely to serve the purpose of those who are not parties to it.   If other incumbrancers may impeach his lien on the ground of incomplete performance, they may with equal right impeach it for failure to perform within the stipulated time, or for defects in the work or materials.   The owner may stand on the letter of the contract and hold the claimant to its terms, if he so chooses, but strangers to the contract have no such right."

To this point in this case, there is nothing, so far as we can see, in any sense in conflict with Safe Deposit Co. v. Iron & Steel Co., 176 Pa. 536, and it is all that is necessary to be said in the decision of the case.   When it is added, however: " And whatever the right of other incumbrancers to contest the builder's right to a lien, while it remains in the form of a claim filed, it is barred by judgment on the claim.   In the absence of fraud or collusion, such judgment is conclusive of the right to a lien," this, it seems to us, is not a necessary conclusion from what has been previously said, is not necessary to the decision of the case and would seem to be out of harmony with the cases already cited.   We prefer, therefore, to rest Nolt v. Crow, upon what is necessarily decided therein, as growing out of the facts of the case.

This case arose subsequently to the passage of the Mechanic's Lien Act of June 4, 1901, P. L. 431, and, inasmuch as the mortgagee did not intervene in any way under the provisions of sections 23 and 24 of the said act, we do not see that the judgment entered upon the scire facias had any greater or any less force and effect than prior to the passage of that act.

Upon the consideration of the whole case, as presented, we discover no error in the distribution made by the court below.

Decree affirmed and appeal dismissed, at the costs of the appellant.