PUSEY & JONES v. PENNSYLVANIA PAPER MILLS.

(Circuit Court, M. D. Pennsylvania. August 25, 1908.)

No. 44, October Term, 1908.

1. LIENS—FORECLOSURE—DECREE OF SALE.
   In a decree for the sale of property to pay liens, it is correct practice to determine the relative priority and order of payment of such liens, but it must be on notice to the parties in interest.

2. JUDGMENT—RES JUDICATA.
   The establishment of a mechanic's lien by judgment against the debtor is not conclusive as to its validity, or right to priority as against the trustees of the first mortgage bondholders who were without notice of the proceeding.

In Equity. Sur petition of trustees for first mortgage bondholders to modify decree giving priority to the mechanic's lien of the George M. Newhall Engineering Company.

W. H. Rhawn, for the motion.
Sheldon Potter and C. W. Miller, opposed.

ARCHBALD, District Judge. It was correct practice to undertake in the decree of sale to determine the relative priority and order of the payment of the different liens upon the property (27 Cyc. 1761; Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136), but not, of course, without notice (Pitts., Cin. & St. L. R. R. v. Marshall, 85 Pa. 187), which not having been given in the present instance, the decree as it stands cannot be maintained. Notwithstanding the judgment obtained by the George M. Newhall Engineering Company on the mechanic's lien which they hold, it is still open to the first mortgage bondholders to show that the lien is invalid or not entitled to the priority claimed for and accorded to it by the decree. Safe Deposit Co. v. Iron & Steel Co., 176 Pa. 536, 35 Atl. 229; Prudential Trust Co. v. Hildebrand, 34 Pa. Super. Ct. 249. It would be competent, as well as of advantage—the parties being now before the court—to go into this question and settle it before the sale. But the time is short and the facts somewhat complicated, and I have concluded under the circumstances to reserve it, as asked, until the hearing on the distribution of the proceeds.

The decree of sale will therefore be modified by striking out the reference to the mechanic's lien of the George M. Newhall Engineering Company, as well as to that of the Goulds Manufacturing Company, which latter for the same reason may as well go out with the other. And it is so ordered.