595 A.2d 1284

**EQUIBANK**

v.

**ADLE, INC., a Pennsylvania Corporation, and Norla, Inc., a Pennsylvania Corporation.**

**Appeal of James READER, t/d/b/a L & R Glass Company and Zeigler Roofing and Heating, Inc., Claimants.**

Superior Court of Pennsylvania.

Argued May 22, 1991.

Filed Aug. 30, 1991.

554

Wesley F. Hamilton, Zelienople, for appellants.

Edward C. Leckey, Pittsburgh, for appellee.

Before TAMILIA, POPOVICH and MONTGOMERY, JJ.

TAMILIA, Judge:

James Reader, t/d/b/a L & R Glass Company, and Zeigler Roofing and Heating, Inc., (hereinafter L & R and Zeigler) take this appeal from the September 26, 1990, Order denying their exceptions to the sheriff's proposed schedule of distribution of proceeds obtained from the sale of property purchased by appellee/mortgagee, Equibank.

This proceeding was initiated by an action in foreclosure by appellee against defendants/mortgagors, Adle, Inc., and Norla, Inc. On July 29, 1988, the property was sold at sheriff sale to appellee/mortgagee for $100,000. The sheriff's proposed schedule of distribution was filed August 5, 1988, and L & R and Zeigler filed exceptions claiming their mechanics' lien judgments, obtained November 10, 1987, in the amounts of $8,702.45 and $26,881.00, respectively, had priority dating from the visible commencement of construction of the building on the property, May 16, 1986. Accordingly, appellants contended their judgments had priority over the mortgage held by appellee recorded on July 29, 1986, and should be reflected in the distribution. The court denied appellants' exceptions finding the mechanics' liens defective for appellants' failure to comply with the mechanics' lien statute requiring claimants to file individual liens against each condominium owner rather than one lien against the project. For this reason the court did not address the issue of the priority of the liens. Appellants have appealed to this Court from the foregoing Order.

Appellants raise four issues on appeal: 1) the appellee does not have standing to collaterally attack the validity of mechanics' lien judgments; 2) the liens were valid because visible construction pre-dated the Declaration of Condominium filed by appellee thereby eliminating the need to file separate claims of apportionment; 3) appellants' mechanics' lien judgments have priority over appellee's mortgage; and 4) appellee violated the Doctrine of Clean Hands and should be denied relief.

It is the appellants' position Equibank's attempt to collaterally attack the mechanics' lien judgments is precluded because Equibank was not party to the proceedings culminating in judgment in appellants' favor. We disagree and find the facts in this matter distinguish it from those cases relied upon by appellants.

The case law in Pennsylvania makes it clear that although a judgment in a mechanics' lien is binding upon an

owner, it does not preclude a stranger to that judgment from contesting the validity of a mechanics' lien in a distribution proceeding after a sheriff's sale.

Where the lien of a mortgage is prior in date to a judgment entered upon a scire facias sur mechanic's lien, but is subsequent to the date at which the work upon the building was commenced, the mortgagee may upon a distribution of the fund raised by the sale of the building, attack the validity of the mechanic's claim upon which the judgment in the scire facias was obtained. If the court finds for sufficient reasons that the mechanic's claim was invalid, the mortgage will be entitled to priority over the judgment in the distribution of the fund.

*Prudential Trust Co. v. Hildebrand*, 34 Pa.Super. 249 (1907). And, where the mechanics' lien holder avers its judgment takes priority over an incumbrance earlier in date, he can be required to prove the matters he alleges give his judgment priority.

A judgment on a mechanic's lien ranks, as a judgment, from the date of its entry. As against incumbrances of later date it is, on the face of the record, a prior lien on the property bound by it. Against incumbrances earlier in date, however, the matters that give it priority, under the mechanic's lien law, must be affirmatively shown since the judgment implies nothing beyond the indebtedness on which it is based. To give it such priority, proof must be made that the building to which it relates was commenced before such incumbrances were created....

*Nolt v. Crow*, 22 Pa.Super. 113, 114 (1903).

As mortgagee, appellee had a lien against the property in question as of July 29, 1986, when the mortgage was filed. While appellants' mechanics' lien judgments were not entered until November 10, 1987, in their exceptions they argue the visible commencement of the project on May 16, 1986, preceded the mortgage recordation thereby giving their liens priority. The appellee herein is not, as appellants argue, a third party attempting to intervene in the action between appellants and the debtor owners. Rather, appel-

lants and appellee are competing lien creditors. We find appellee is entitled to challenge the validity of appellants' mechanics' liens in the distribution proceeding following the sheriff sale, and appellants must prove their claim in the same fashion as would be necessary at trial.

■ We address now the validity of the mechanics' liens. Appellants argue their liens are valid and reason separate mechanics' lien claims were not required when they filed the claims in April, 1987, because their liens relate back to the May 16, 1986 date of visible commencement at which time appellee had not yet filed a declaration of condominium. We find this argument devoid of merit.

In order to set forth valid lien claims, appellants were required to comply with the specific dictates of 49 Pa.S. § 1306(b):

### § 1306. Consolidation or apportionment of claims

. . . .

(b) Apportionment of Claims. Where a debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or part of a single business or residential plant, the claimant shall file separate claims with respect to each such improvement, with the amount of each claim determined by apportionment of the total debt to the several improvements, . . . .

*Id.* Accordingly, a single lien claim cannot be filed against a group of residential dwellings such as the condominium project which is the subject of this litigation. As reflected in L & R and Zeigler's intent to file a mechanics' claim and the subsequently filed mechanics' claims, appellants were aware the project on which they wished to impose liens was comprised of condominium units known as the Ogle Station Condominium. Also, this Court cannot believe L & R and Zeigler, both experienced construction subcontractors, were unaware the project for which they contracted was a condominium development, thereby requiring them to comply with section 1306(b), Apportionment of Claims. *See Metco,*

*Inc. v. Moss Creek, Inc.,* 385 Pa.Super. 542, 561 A.2d 808 (1989), *alloc. granted,* 525 Pa. 601, 575 A.2d 567 (1990). Appellants' failure to comply with the statute requiring apportionment of claims against a condominium project renders their liens defective.

Having found the liens defective, we need not address the issues of the validity of the no-lien contract between owner and general contractor or the priority of lien holders, Equibank, L & R and Zeigler. *See Trustees of C.I. Mortgage Group v. Stagg of Huntington, Inc.,* 484 Pa. 464, 399 A.2d 386 (1979).

Lastly, appellants argue appellee should be precluded from recovery on the theory it comes before this Court with unclean hands. Appellants raise the equitable doctrine of unclean hands on the theory appellee has requested equitable relief in asking for standing to collaterally attack appellants' mechanics' lien judgments. We do not find appellee's standing in this matter to be an equitable issue invoking the application of the equitable doctrine of unclean hands. However, in the interest of judicial economy we will address appellants' argument.

The clean hands doctrine is applicable when the court, within its discretion, finds the party seeking affirmative relief is guilty of fraud, unconscionable conduct or bad faith directly related to the matter at issue which injures the other party and affects the balance of equities between the litigants. *In re Estate of Pedrick,* 505 Pa. 530, 482 A.2d 215 (1984). The doctrine does not bar relief to a party merely because his conduct in general has been shown not to be blameless. *Id.*

Appellants argue appellee had an opportunity to protect itself and reduce its mortgage by hundreds of thousands of dollars but chose instead to act in a manner designed to discourage creditors from foreclosing on their liens and to permit the first mortgage indebtedness to increase so appellee could make claim to the bulk of the proceeds from a liquidation. (Appellants' brief at p. 21.) After a careful

review of the record, we agree with the trial court's finding there is insufficient evidence to establish Equibank proceeded with unclean hands.

Having found appellants' arguments without merit, we affirm the Order denying their exceptions to the sheriff's proposed schedule of distribution of proceeds.

Order affirmed.