## Osterlund v. Osterlund

*Philip H. Spare,* for plaintiff.
*Charles H. Stone,* for defendant.

BAYLEY, *J.,* July 25, 1994—Petitioner, Jan A. Osterlund, and respondent, Sandra H. Osterlund, are former husband and wife. On May 24, 1993, respondent obtained a judgment against petitioner for unpaid alimony in the amount of $8,058.74. On April 27, 1994, pursuant to a writ of execution, the Sheriff of Cumberland County conducted a sale of some of petitioner's personal property. The only bidder was respondent who purchased the property for $1. Respondent has now obtained a second writ of execution on additional personal property of petitioner. The writ covers the same $8,058.74 judgment. After a sale date was set, petitioner filed for a stay seeking a determination of the fair market value of his personal property sold on April 27 to respondent for $1 in order to set it off against the $8,058.74 judgment. Petitioner avers that the value of that property substantially exceeded the $8,058.74 judgment and costs.[1] We held a hearing on July 8. Pursuant to Pa.R.C.P. 3121(b), we entered a temporary stay of the sale that was scheduled for July 11, until we could resolve the issue of whether we should make a determination of the market value of the property previously sold in order to determine the amount now due on the judgment upon which execution has again been issued.[2]

---

1. He maintains that much of the property consisted of valuable antiques.

2. See *Goodrich-Amram,* 2d §3121(b):4. Pa.R.C.P. 3121(b) provides:

If the sale on April 27 had involved real estate, the provisions of section 8103 of the Judicial Code would apply. The general rule at 42 Pa.C.S. §8103(a) provides:

"*Whenever any real property is sold,* directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered." (emphasis added)

The deficiency judgment provisions in section 8103 allow for the fair market value of real property that was sold to be offset against the executed judgment. Section 8103 applies only to real property. There is no similar statutory deficiency judgment provision applicable to the sale of personal property. Therefore respondent maintains that the sale of petitioner's personal property on April 27 only reduced the amount of her $8,058.74 judgment by $1, which is the amount she bid for the property she purchased at the sale. To the extent that the property was worth more, respondent argues that petitioner could have protected himself by bidding at the sale. Petitioner maintains that he did not have any money, otherwise he would have paid the judgment and, for that matter, the alimony when due.[3]

---

"Execution may be *stayed* by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing ... (2) any other legal or equitable ground therefor." (emphasis added)

3. Petitioner's difficult financial situation has been well documented during numerous proceedings in this case in which respondent has sought to enforce her marital settlement agreement.

Pa.R.C.P. 3101-3149 are applicable to the enforcement of money judgments. Petitioner, while acknowledging that there is no law applicable to personal property similar to the deficiency judgment provisions applying to real estate in section 8103 of the Judicial Code, nevertheless maintains that he is equitably entitled to similar relief pursuant to Pa.R.C.P. 3121(d)(3). Rule 3121(d) provides in its entirety:

"(d) The court may on application of any party in interest set aside the writ, service or levy

"(1) for a defect therein;

"(2) upon a showing of exemption or immunity of property from execution, or

"(3) *upon any other legal or equitable ground therefor.*" (emphasis added)

In his brief, petitioner maintains that equitable relief is warranted because the "[a]bsurdity of the [respondent's] position is so patent as to be almost unimaginable." He argues:

"To illustrate this absurdity let us follow the plaintiff's logic for a moment. She argues that defendant is entitled to credit for only $1 because that was her bid (the only bid) at the first sale. The original judgment was $8,058.74. Now defendant owes her $8,057.74 ($8,058.74 less $1). If at the sale on Monday, July 11, there are no bidders other than the plaintiff, she will bid in the property levied on for $1. She will then truck away the remainder of defendant's personal property. The defendant will then owe her $8,056.74 ($8,058.74 less $2). This process can go on, presumably, for 8,056 more sales. We must also mention the sheriff's costs that will continue to mount as this vexatious process continues and which the plaintiff will no doubt want to add to the defendant's burden."

In commenting on Pa.R.C.P. 3121(d)(3) *Goodrich-Amram,* citing *Nationwide Mutual Insurance Co. v. Krasinski,* 22 D.&C.3d 49 (1982), states "[a]n equitable ground is equivalent to what is fair and financially feasible." [4] In *Nationwide Mutual,* judgment was entered against petitioner for principal, interest and costs of $955.85. The sheriff sold petitioner's camper and motorcycle for $10 plus the court costs of $91.84 for a total of $101.84. Respondent then filed a second praecipe for writ of execution. The sheriff levied on petitioner's truck. Petitioner then sought to set aside the execution pursuant to Pa.R.C.P. 3121(d). The Clearfield County court stated:

"This court agrees with the citation in petitioner's brief of *Proctor and Schwartz Inc. v. Washington Market Inc.,* 51 Del. Co. 324 (1963), wherein that court construed equitable grounds to be equivalent to fairness and financial feasibility, and further, petitioner's statement that where there is such a gross inadequacy of price as to shock the understanding and conscience of the court, the execution must be set aside." *Id.* at 51.

Nevertheless, the court refused to set aside the execution noting that there was nothing in the record to ascertain whether the actual value of the camper and motorcycle exceeded the bid. In *Proctor and Schwartz,* the Delaware County court in interpreting Pa.R.C.P. 3121(d)(3), concluded, "that the court, under its equitable powers, has the power to control its execution to prevent an unequitable execution." We concur.

On the facts of this case, pursuant to Pa.R.C.P. 3121(d), equity requires that we set aside the current writ of execution *if,* in fact, the market value of the property sold on April 27 exceeds the amount of the

---

4. *Goodrich-Amram,* 2d §3121(d):5.

judgment and costs, or alternatively, set off the market value of the property sold against the $8,058.74 judgment and costs.[5] Petitioner has the burden of establishing that market value. Accordingly, the following order is entered.

## ORDER

And now, July 25, 1994, the stay of the sheriff sale entered on July 11, 1994, is continued pending a hearing and further order consistent with this opinion. The hearing shall be held on Monday, August 8, 1994 at 3 p.m., in courtroom number 2.

---

5. Respondent maintains that petitioner still is not entitled to equitable relief because he has "unclean hands." See *Equibank v. Adle Inc.*, 407 Pa. Super. 553, 558, 595 A.2d 1284, 1286 (1991). That claim is premised upon, (1) an alleged false property claim filed by a relative of petitioner before the April 27 sale; (2) respondent's difficulties in acquiring access to petitioner's property in order to gather information concerning the property claims filed before that sale; and (3) respondent's belief that some items of personal property levied upon for the sale that was scheduled for July 11 have been removed from petitioner's residence. Assuming that all of the property currently levied on is available for sale if our stay is lifted, we are satisfied that equitable relief should still be granted if the market value of the property purchased by respondent on April 27 exceeded $1.