## A. J. Roat, Appellant, v. George Frear, Owner, and Lemuel Garrison, Contractor.

*Mechanic's lien—Apportionment of claim—Act of June 16, 1836, sec. 13,*
Two adjoining buildings separated by a solid brick wall partition from the cellar to the attic, with no internal communication, form a block of two buildings, and a mechanic's lien filed against "a double brick dwelling house," and not apportioned between the two buildings, cannot be sustained under the act of June 16, 1836, sec. 13, P. L. 699.

Argued April 16, 1895.    Appeal, No. 84, Jan. T., 1895, by plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1891, No. 146, on verdict for defendants.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.    Affirmed.

Scire facias sur mechanic's lien.

Counsel for the parties entered into the following agreement:
" Now, Feb. 12, 1895, it is agreed that the following be filed in this case and be printed in the paper-book of the appellant in lieu of the evidence taken at the trial.

Extract of testimony of George Frear.

" Q. Whether this is a single building or whether it is a block of two buildings? A. It is a block of two buildings. Q. Whether the buildings are separated from the cellar to the roof from each other? A. They are, by a solid brick wall and cellar. Q. No internal connection between the two buildings? A. No, sir. Q. How many stories is it? A. Well, I should say three; that is, including the third story finished in the roof, the rooms finished. Q. Is the roof what is known as a Gothic attic roof? A. I think it is. Q. Are there inhabitable rooms in that third story? A. There are. Q. Are there windows facing on the street? A. Yes, sir."

The court charged the jury in part as follows:

"The claim in this case sets out, among other things, 'the said building is a two story double brick dwelling house with attic,' and that is the only description of the building given in the claim. The lien is not joint, but single; that is, it places a lien upon a two story double brick dwelling house without designating whether there are two or more buildings. In other words, from the reading of this claim it would appear that there was one building—one double dwelling house. If, as a matter of fact, there are two separate and distinct houses, then it is the duty of the person who makes the claim to state that fact. He must file a joint claim and apportion the claim among the houses. For instance, if there is but one house, separate and distinct, then a single claim is filed covering the whole house; if there are two or more houses erected at the same time upon the same property and by the same person under the same contract, then it is the duty of the claimant to apportion his claim between the different houses.

" That has not been done in this case by the claimant. If whether this was a single, separate and distinct house, or two single, separate and distinct houses were a disputed question of fact the court would leave that to the jury to say whether this was one house or two separate and distinct houses; but where a fact is testified to positively and plainly, and not contradicted or disputed, it is the duty of the court to instruct the jury upon the matter, because there is no disputed question of fact for them to pass upon.

" Dr. Frear, one of the defendants here, testifies that the

building in question was separated from the floor of the cellar to the roof of the building by a solid brick wall; that the building is two stories high with an attic—perhaps it may be called three stories, but at least two stories and an attic—that it is occupied, as I understand it, by two separate families, that there is no means of communication on either story, or in the basement, between these two houses; that there is an outside back door and a front door, and that practically they are as much and as distinctly separate buildings as any houses of that character built in a row in a city usually are. If that were not true, it was within the power of the plaintiff to contradict it and raise a question for the jury to pass upon. But the plaintiff has not done so, and it must be conceded, therefore, that the testimony upon that point by Dr. Frear is admitted to be correct and true. It is, therefore, the duty of the court to instruct you that there are two separate and distinct houses instead of one. Instead of being, as stated in the claim filed, a two story double brick dwelling house with an attic, there are two separate and distinct houses, and the lien should have been filed accordingly. . . . . .

" [I regret that the court is compelled, under the law, to give you these binding instructions, because it is not contended that Mr. Roat's claim is unjust or unfair, but that he did furnish these materials, and that all or substantially all of the material was used in Dr. Frear's building. The contractor who ordered these goods has become financially worthless, so that Mr. Roat will lose the price of these goods. But while the court and jury may sympathize with the plaintiff in his misfortune, we have nothing to do with that in the administration of the law. The legislature has made the law, and it is simply the duty of the court to construe and administer it as it is. You will therefore render a verdict in favor of the defendant.]"

· Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was portion of charge inclosed in brackets.

*William R. Gibbons, William S. McLean* with him, for appellant, cited: Act of 1836, sec. 13, P. L. 699; Thomas v. James, 7 W. & S. 381; Neal & Wampler's App., 79 Pa. 481; Bunt-

ing's App., 6 W. N. C. 12; Gross v. Stolz, 2 Pa. C. C. 190; Beitzel v. Stair's Adm., 50 Leg. Int. 87.

*Edmund G. Butler*, for appellee, cited: Barclay's App., 13 Pa. 495; Messereau v. Kohler, 2 Pearson, 119.

PER CURIAM, April 29, 1895:

The only specification of error is an extract from the learned trial judge's charge, directing a verdict in favor of defendant. By agreement of counsel for the parties, the statement signed by them, embracing an extract from defendant's testimony, etc., has been printed in appellant's paper-book "in lieu of the evidence taken at the trial." That necessarily excludes from consideration any evidence or allegations of fact not contained in the agreement. In view of the facts thus agreed upon, there appears to be no error in directing a verdict for defendant.

Judgment affirmed.