# Todd, Appellant, *v.* Gernert.

*Mechanics' liens—Apportionment—Dwelling houses—Act of June 4, 1901, P. L. 431.*

1. There is nothing in the Act of June 4, 1901, P. L. 431, or its supplement of April 17, 1905, P. L. 172, which permits a single mechanic's lien to be filed against several dwelling houses, and then apportioned. A separate lien must be filed against each building on the basis of an apportionment of what is due.

2. The Act of June 4, 1901, P. L. 431, repeals all prior acts relating to mechanics' liens and furnishes "a complete and conclusive system in itself, so far as relates to liens for labor or materials," furnished to buildings and other structures and improvements named in it. There is no provision in the act which any longer allows an apportionment of a claim.

*Mechanics' liens—Words and phrases—Definition.*

3. The word "plant" in the mechanic's lien act is to be given its ordinary meaning of property owned or used in carrying on some trade or business. The term cannot be applied to a row of dwellings where the only business carried on is housekeeping.     .

Argued Oct. 21, 1908. Appeal, No. 113, Oct. T., 1908, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1907, No. 24, striking off mechanic's lien in case of John S. Todd v. Charles H. W. Gernert, Owner, and John E. McClellan, Contractor. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to strike off mechanic's lien. Before FORD, J.

The only question involved was the right to file a single mechanic's lien against three dwelling houses in a row.

. The court made absolute the rule to strike off the lien,

*Error assigned* was the order of the court.

*William A. Golden,* for appellant.

*Albert H. Moeser,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

The right of the appellant to file a mechanic's lien was under the Act of June 4, 1901, P. L. 431. All prior acts relating to this subject-mattter are repealed, and it furnishes "a complete and conclusive system in itself, so far as relates to liens for labor or materials" furnished to buildings and other structures and improvements named in it. No one of the numerous cases cited by counsel for appellant has any relevancy to the question before us on this appeal, for they were all decided prior to 1901 and related to questions arising under the statutes then in force.

The lien which the court below struck off was a single claim for labor and materials furnished in the erection of three separate buildings. They are described in the lien as "three brick dwelling houses," two of them being similar in design. It is admitted that they are separate and distinct structures, with a

space of several feet between each, and the claimant undertook to apportion his claim.

The claim as filed is not contemplated by the eleventh section of the act of 1901, and is clearly not permitted by the twelfth. By the eleventh a claim may be filed for labor or materials furnished to a "structure," but no permission is given to file a single one against several structures. By the succeeding section such a claim may be filed against more than one structure, but only when they "are all intended to form a part of one plant." The right to file a lien at all is purely statutory, and may be exercised only as the statute directs. This is not questioned by counsel for appellant, but, that his client's claim may be brought within the statute, he asks us to say that the three dwelling houses are all intended to form one plant. In the claim filed they are not described as forming part of one plant, and if these words had been inserted in it, their use, in the face of the description of the properties as three separate brick dwelling houses, would have to be regarded as surplusage and as evidence of an utter misconception of the meaning of a "plant." That word is to be given its ordinary sense of property owned or used in carrying on some trade or business. Men speak daily of the plant of a foundry, factory, mill or railroad, but the term has not yet been applied to a row of dwellings where the only business carried on is housekeeping.

An apportionment of a claim is no longer allowed, but the appellant might have filed a separate one against each building on the basis of an apportionment of what was due him on his contract. This is the permission given him by the act of 1901. What he was permitted to do under that act he has not done, but did that which he was not permitted to do either under it or the supplement of April 17, 1905, P. L. 172, when he filed a single claim against three separate dwelling houses. The order of the court below, striking off the lien, is affirmed.