MORGAN ENGINEERING CO. v. GENERAL CASTINGS CO.

(Circuit Court of Appeals, Third Circuit. February 12, 1910.)

No. 52.

COURTS (§ 493*)—FEDERAL AND STATE COURTS—ORIGINAL JURISDICTION—PRIORITY OF ATTACHMENT.

Since Mechanics' Lien Act Pa. June 4, 1901 (P. L. 431–469), repealed all prior acts relating to mechanics' liens in Pennsylvania, and established a complete and conclusive system in itself for the creation and preservation of liens for labor and material, conferring jurisdiction ab initio on the court of common pleas of proceedings specially prescribed for the enforcement of such liens, a nonresident claimant having entered suit in a Pennsylvania state court, by filing his mechanic's lien therein, such court acquired full jurisdiction of the subject-matter, and hence the claimant, though a citizen of another state, could not thereafter oust the state court of jurisdiction and maintain scire facias in the federal Circuit Court for such relief.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 493.*]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Scire facias by the Morgan Engineering Company against the General Castings Company to enforce a mechanic's lien. From an order quashing the writ, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Huggins, Huggins & Johnson and A. O. Fording, for Morgan Engineering Co.

G. D. Packer, for General Castings Co.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by the Morgan Engineering Company, a corporation of Ohio, from an order of the Circuit Court of the United States for the Western District of Pennsylvania, quashing a writ of scire facias sued out by it in that court against the General Castings Company, a corporation of Pennsylvania, "sur claim for mechanic's lien at No. 121 Second term, 1909, of mechanic's lien docket of the court of common pleas No. 4 of Allegheny county." The case turns on the mechanic's lien law of the state of Pennsylvania of June 4, 1901 (P. L. 431–469), for, if by the filing of a lien thereunder the lienor invoked the jurisdiction of the state court, it is clear he cannot thereafter oust such jurisdiction by going into another court.

Under the old mechanic's lien law of Pennsylvania (Act June 16, 1836 [P. L. 695]), the lien was filed in the office of the prothonotary and entered in a mechanic's lien docket which that act provided for. No entry was made of the lien in the judgment dockets of the court, and the record in the mechanic's lien docket was the only entry of which purchasers and incumbrancers were bound to take notice. Armstrong v. Hallowell, 35 Pa. 487. This act and all others bearing on such liens were repealed by the act of 1901, which, as provided by the act itself, and held by the Supreme Court in Todd v. Gernert, 223 Pa. 103, 72 Atl. 249, furnished "a complete and conclusive system in itself, so far as relates to liens for labor and material." The act, instead of providing for a mere registry of a lien of which the court takes jurisdiction only when it proceeds to enforcement, confers jurisdiction on the court of common pleas ab initio, as will be seen by its provisions. Thus section 7 provides that:

"After the right to file a claim is complete, any owner or contractor may enter a rule, as of course, in the office of the prothonotary of the court of common pleas of the proper county, requiring any party named to file his claim within fifteen days after notice of the rule, or be forever thereafter debarred from so doing. * * * If a claim be filed, it shall be entered as of the court, term and number of the rule."

Section 10 provides the claim "must be filed in the court of common pleas of the county or counties in which the structure or other improvement is situate." Section 43 provides that as soon as a claim is filed it "shall be entered on the judgment index of the court," and, "when a claim is stricken off or satisfied, * * * a note thereof shall be made on said judgment index." Section 21 provides that within one month after a claim is filed "the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number and the date of filing thereof, and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. A failure to serve such notice and file an affidavit thereof within the time specified shall be sufficient ground

for striking off the claim." Section 22 gives a right to a subcontractor to "file of record in said proceedings" his claim and be substituted as a use claimant, and section 24 allows one to, "by leave of court, intervene as a party defendant and make defense thereto, with the same effect as if he had been originally named as a defendant in the claim filed." Section 32 provides the form of scire facias to be issued on the lien, which form recites that the claimant, "filed his claim in our court of common pleas of ————— county, of ————— term, 1———, No. ————," and requires the defendant to file an affidavit of defense "in the office of the prothonotary of our said court," and is tested in the name of the judge of such court. After providing for rules and proceedings to form an issue, the act, in section 52, provides that:

"Any rule granted under the provisions of this act may be made returnable at such time as the court may direct, either therein or by rule of court, or by special or standing order."

And section 53 that:

"All notices, petitions and rules shall be served upon counsel for the parties interested, or upon the parties themselves in the manner bills in equity are served * * * or in default of service then in such manner as the court shall direct."

And section 59 that:

"From any definite judgment, order or decree, entered by the court of common pleas * * * an appeal may be taken by the party aggrieved to the Supreme or Superior Court, as in other cases."

As a mechanic's lien is of statutory creation, and in Pennsylvania owes its existence to this particular act, it follows that one who avails himself of the right to such lien must accept with the right all limitations and conditions the statute imposes in the creation of the right, one of which in this case is to initially invoke the jurisdiction of the state court. Now, from the foregoing and other references that might be made to the act, it is clear to us that by filing his claim in the state court the claimant not merely made a record thereof, but thereby invoked the statutory jurisdiction of the court of common pleas, and thereby began a statutory judicial proceeding, and, whatever the rights of a nonresident claimant as to removal might be where he was involuntarily brought into such a proceeding, it is clear to us that having himself become the actor and sought the jurisdiction of the court to obtain his lien, and such lien being entered on the judgment index of the court, it is not in his power to thereafter oust the jurisdiction which he himself invoked. Such procedure would be at variance with all jurisdictional principles. Where a party has himself become the actor and entered suit in a state court of Pennsylvania by filing his lien therein, the fact that he is a citizen of another state makes him none the less a voluntary suitor in that court, and he has no more right to oust such primary jurisdiction than would a nonresident plaintiff who had brought an ordinary suit in a state court to thereafter remove it to a federal court.

We are therefore of opinion that, on the filing of this mechanic's

lien in the state court by the Morgan Engineering Company, that court acquired jurisdiction of the subject-matter thereof, and the Circuit Court properly declined to oust said jurisdiction by issuing a writ of scire facias on the lien.

Its order quashing such writ is therefore affirmed.

NOTE.—The following is the opinion of Orr, District Judge, in the court below:

ORR, District Judge. The defendant has taken a rule upon the plaintiff to show cause why a writ of scire facias sur mechanic's lien should not be quashed. The record shows that plaintiff filed its claim in the court of common pleas No. 4 of Allegheny county, in this district, for labor and materials furnished by the plaintiff as contractor in and about the construction of a building owned by the defendant. In support of the rule defendant has filed a number of reasons which may be briefly stated under two heads: First, the record of the mechanic's claim in the court of common pleas is a judicial record, and therefore a scire facias may not issue thereupon in this court; second, the statute of Pennsylvania which gives the right to the mechanic's lien has inseparately connected such right with an exclusive method of enforcement in the state courts, and therefore this court is without jurisdiction.

It must be borne in mind that the right of one who furnishes labor and materials in the construction of a building upon the land of another to a lien is purely statutory. At common law the artisan had a lien upon goods and chattels for the price of work done on them. He had a remedy by retainer. His exclusive right to the possession of the thing was the basis of his lien. If he voluntarily parted with the possession, his lien was lost. His right or lien never extended to the buildings upon another's land. To give him such right legislation was necessary. That right exists in Pennsylvania to-day, and the claim in this case rests solely upon an act of the General Assembly of that state, approved June 4, 1901 (P. L. 431), entitled *"An act defining the rights and liabilities of parties to, and regulating the effect of, contracts for work and labor to be done,* and labor or materials to be furnished to any building, bridge, wharf, dock, pier, bulkhead, vault, subway, tramway, toll road, conduit, tunnel, mine, coal breaker, flume, pump, screen, tank, derrick, pipe line, aqueduct, reservoir, viaduct, telegraph, telephone, railway or railroad line; canal, mill race, works for supplying water, heat, light, power, cold air, or any other substance furnished to the public, well for the production of gas, oil or other volatile or other mineral substance, or other structure or improvement of whatsoever kind or character the same may be; *providing remedies for the recovery of debts due by reason of such contracts, and repealing, consolidating and extending existing laws in relation thereto."* The full title is thus given, with some words italicized, in order to emphasize the fact that the act was intended to be a full and complete expression of the legislature will as to everything relating to the rights and remedies of those who claim, and those who dispute, the right to mechanics' liens.

Moreover, in addition to a general repealing clause, 109 acts of assembly and parts of acts are specially repealed by said general act. Bearing in mind that none of the prior acts required a claimant to file his claim in any "court," it will be helpful to consider portions of the present act which show that the proceeding from its inception (from, and in some cases before, the filing of the claim) was intended by the Legislature to be a judicial proceeding. Section 10 explicitly directs that the claim "must be filed in the court of common pleas of the county or counties in which the structure or other improvement is situate." Section 7 gives any owner or contractor the right to rule a claimant to file his claim within 15 days or be forever barred, and directs that the claim be filed in the common pleas court at the number and term of the rule so taken. Section 22 gives any one furnishing material or labor to the claimant the right, at any time before actual payment of the claim, to "file of record in said proceeding a petition" asking that he be substituted as use claimant, and provides that any dispute as to the amount petitioner shall be entitled to as against the claimant shall be settled upon the distribution of the fund or by

an issue in said proceedings. Section 24 provides that the court may grant leave to any one having an interest in the property to intervene as a party defendant and make defense with the same effect as if he had been named as defendant in the claim. Section 23 gives any one having an adverse interest the right to attack the claim, and directs the court to stay proceedings on the claim, if necessary. And even after judgment on the sci. fa. the proceeding shall be stayed on the petition of one not made a party to the scire facias. Section 25 gives defendant the right by petition to require the claimant to file an affidavit of the amount due, and upon pleadings filed, or from the claim and the affidavit of defense, the court shall determine the amount due and permit the same to be paid into court. Section 32 provides that the claim "shall be sued out by a writ of scire facias in the following form: "The Commonwealth of Pennsylvania to ........Greeting: Whereas, A. B., claimant, on the ...... day of ......, filed his claim in our court of common pleas," etc. Section 35 declares the judgment entered against the contractor shall be a personal judgment, and gives the court power to open a judgment entered against the contractor on the scire facias and adjust equities between the owner and the contractor, even after the owner has paid the claim. Section 36 enables the court to require a more specific statement of the claim and an examination of the books or papers referred to therein. Section 43 requires every claim filed, scire facias issued, verdict recovered, and judgment entered to be entered on the judgment index of the court, and also requires that, when a claim is stricken off or satisfied, the name of a defendant stricken out, a scire facias discontinued or quashed, or a verdict or judgment stricken off, set aside by granting a new trial, or otherwise reversed or satisfied, a note thereof shall be made on said judgment index.

The lien acquired under this statute is incidental to the prosecution of a claim through a judicial proceeding begun by the filing of the claim in court. It is uniformly styled a "claim" throughout the act, and the possessor of it a "claimant." If the act merely prescribed how a mechanic's lien could be acquired by filing certain papers in the prothonotary's office, or in any other county office, and stopped there, different questions would be presented. An irresistible conclusion is that the record of the common pleas is a judicial record. A writ of scire facias cannot be issued on such record in this or any other court except in that wherein the record remains. 2 Troubat & Haly's Practice, 1918; Smith v. Ramsay, 6 Serg. & R. (Pa.) 573.

It was conceded by defendant's counsel that if the statute simply created a right, or created a remedy for a preceding right, the claimant might have a remedy in this court. But it was insisted that the statutory right and statutory remedy were so closely connected and interwoven by the act that they cannot be separated. This is correct. It is immaterial that a citizen of another state avails himself of the benefit of this statute. The federal Constitution secures to him the same, but not any greater, privileges than those enjoyed by citizens of Pennsylvania. The plaintiff in this case never had a right to a lien independent of the limitation upon that right imposed by the act itself. Therefore plaintiff cannot maintain this scire facias. In Middletown National Bank v. Toledo, Ann Arbor & Northern Michigan R. R., 197 U. S. 394, 25 Sup. Ct. 462, 49 L. Ed. 803, the principle was applied in an action brought outside the state of Ohio to recover the stockholder's liability given by the statute of that state, and it was held the action could not be maintained; that the statutory method providing for the enforcement of the right in the courts of the state must be followed. Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376, is often referred to because it contains this general rule: "A general liability created by statute without a remedy may be enforced by an appropriate common-law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed." In Chestnut Hill Turnpike Company v. Martin, 12 Pa. 361, it is said: "It is a settled principle that where a statute confers a new power or right, and provides a particular mode by which it may be vindicated, no other remedy than that afforded by the statute can be enforced."

The law is stated in American & Eng. Ency. of Law, vol. 26, p. 671, as follows: "A statute instituting a new remedy for an existing right does not take away a pre-existing remedy without express words or necessary implication.

The new remedy is cumulative, and either may be pursued. But when a statute gives a right or remedy which did not exist at common law, and provides a specific method of enforcing it, the method of procedure provided by the statute is exclusive, and must be pursued strictly." The Supreme Court of the United States has decided this principle in Fourth National Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825, where it is said: "The individual liability of stockholders for corporate debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purpose of its creation and provide for the manner of its enforcement. The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. The general liability created by statute without a remedy may be enforced by an appropriate common-law action; but, where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

It seems clear, therefore, that the rule in this case should be made absolute, and the scire facias quashed. It is so ordered.