## Union Savings and Building Association of West Philadelphia, Appellant, *v.* Vahle.

*Mechanics' lien—Erection and construction—Repairs.*

1. A mechanics' lien is not invalidated by the fact that it includes a claim both for repairs and for erection and construction where it appears as a fact that the work done by the claimant under his contract was in substance that of new construction after a fire, even though a small part of the work,. if standing by itself, would properly have been classed as repairs.

*Mechanics' lien—Several structures—Single plant—Averment of claim.*

2. Where a mechanics' lien is filed against several structures which were all intended to form a single plant, it is better practice to aver clearly, in the claim that the buildings were intended to form one plant, and that in fact they do constitute such a plant; but there is nothing in the mechanics' lien' law which makes such an averment in the claim essential, or which requires the courts to hold that its omission invalidated the claim.

Argued Feb. 6, 1912. Appeal, No. 138, Jan. T., 1912, by plaintiff from order of C. P. Delaware Co., June T., 1908, No. 27, dismissing exceptions to auditor's report in case of Union Savings & Building Association of West Philadelphia v. Henry Vahle et al. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of A. A. Cochran, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Error assigned,* was in dismissing exceptions to auditor's report.

*Sheldon Potter,* of *Potter, Dechert & Norris,* with him *John M. Broomall,* for appellant, cited as to the claim

both for repairs and erection and construction: Morris
v. Henderson, 126 Pa. 216; Wharton v. Investment Co.,
180 Pa. 168; Knelly v. Horwarth, 208 Pa. 487; Tenth
Nat. Bank v. Smith Const. Co., 218 Pa. 581; Wilson v.
Canevin, 226 Pa. 362.

Cited as to the failure of the claimant to allege that
the building against which the lien is claimed is a single
business plant: Todd v. Gernert, 223 Pa. 103; Schively
v. Radell, 227 Pa. 434.


*E. H. Hall,* with him *Jas. B. Robertson,* for appellee,
cited: Mt. Pleasant Boro. v. R. R. Co., 138 Pa. 365;
American Car & Foundry Co. v. Water Co., 215 Pa. 520;
Lauman's App., 8 Pa. 473; Griel's App., 7 Sadler 137;
Dunbar v. Washington Foundry, 210 Pa. 58.


OPINION BY MR. JUSTICE POTTER, March 18, 1912.

The contention in this case arose out of the distribu-
tion of a fund which resulted from a sheriff's sale, under
a judgment upon a writ of scire facias sur mortgage.
The question involved was whether the lien of the mort-
gage was prior to that of certain mechanics' liens. Ex-
ceptions were filed to the schedule of distribution, as re-
ported by the sheriff, and the matter was referred to an
auditor. Testimony was taken on behalf of the lien
claimants, and of the mortgagee. The auditor sustained
the validity of the mechanics' liens, and held that they
were prior to the lien of the mortgage. The auditor
found as a matter of fact that the several buildings de-
scribed in the mechanics' liens filed, constituted a single
business plant, and he held that the failure of the claim-
ants to state this fact in the claim did not invalidate the
liens. The court below confirmed the report of the audi-
tor, and directed distribution to be made in accordance
therewith. The mortgagee has appealed, and its counsel
here contend that the lien of the appellee was invalid,
(1) because it included a claim both for repairs and for

erection and construction, while it did not appear upon the face of the claim that all the buildings formed a single plant; and (2) because the claim was filed against several structures, although it did not allege that the structures together constituted a single business or residential plant.

From the findings of fact by the auditor it appears that the work which was done by the appellee under his contract in this case was in substance that of new construction after a fire. A comparatively small part of the work, if standing by itself, would properly have been classed as repairs; but the auditor treated this part of the work as having been merged in the whole work of construction. He says that "the repair work to the houses standing alone would be repairs, but in this case they must be taken in conjunction with the whole work, because the contract really was to reconstruct the plant and buildings, and the work, both the new and the repairs, consisted of actually rebuilding the plant and buildings. All of the work, therefore, is to be considered as new work." This conclusion seems to us to be sound, and is in line with the main purpose of the mechanics' lien law, as set forth in the Act of June 4, 1901, P. L. 431. Turning to section 2, we find that a lien is authorized for "erection and construction," and also for "alteration and repair." And in section 3, it is provided that "a substantial addition to a structure or other improvement shall be treated as a new erection or construction thereof."

The court below agreed with the auditor that the work which the claimant described as repairs, really constituted a part of the construction of the plant as an entirety. We have, then, the finding of the auditor that this is a case of erection and construction, which finding is expressly approved by the court below, and we see nothing in the evidence which would justify us in disturbing this finding.

Nor are we convinced that there is any substantial merit in the second objection raised by counsel for appellant, that the claim does not aver that the several structures against which it is filed form but a single plant. Undoubtedly it would have been better practice to have plainly set out this fact in the claim; for that the several structures were all intended to form a single plant, appears from the express finding of the auditor. We agree with the court below that it was essentially a matter of proof as to whether or not the buildings constituted a single plant. Here again we may remark that it would certainly be better practice in such a case to aver clearly, in the claim, that the buildings were intended to form one plant, and that in fact they do constitute such a plant. But we do not find anything in the act of assembly which makes such an averment in the claim essential or which requires us to hold that its omission invalidates the claim.

The assignments of error are overruled, and the decree of the court below is affirmed.