**Waite, Jr. v. Schneider**

*Robert J. Hastings,* for claimant.

*Harry A. Kigey,* for owners.

LUDWIG, J., August 10, 1972.—This is a mechanic's lien claim filed by a drywall subcontractor alleging nonpayment from the general contractor of $4,320. It is before us on the preliminary objections of the owners, averring that the claim is not in conformity with section 306 (b) of the Mechanics' Lien Law of August 24, 1963, P.L. 1175, art. III, 49 P.S. §1306 (b), and should, therefore, be discharged. Argument having been presented to us en banc, we are now ready to discuss and set forth our ruling.

The mechanic's lien claim states that it is filed against the following premises: ". . . twelve 2 story masonry town houses located on Alan Lane, Borough of Quakertown . . . known as Buildings 'G', 'H', and 'J', and the curtilage appurtenant thereto, hereinafter described, for payment of a debt due . . . on the initial erection and construction of said buildings . . ."

The preliminary objections aver that separate claims with proper apportionment should have been filed as required by section 306 (b) of the Mechanics' Lien Law, supra. That section states:

"(b) Apportionment of Claims. Where a debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or a part of a single business or residential plant, the claimant shall file separate claims with respect to each such improvement, with the amount of each claim determined by apportionment of the total debt to the several improvements . . . . In no other case shall an apportioned claim be allowed."

Plaintiff contends that there is nothing in this record categorizing his claim as work upon "several

different improvements" excepting certain factual averments in the preliminary objections. Of these, the court may not take cognizance, he argues, because the preliminary objections were not endorsed with a notice to plead. His argument is by analogy to the pleading requirements of the Pennsylvania Rules of Civil Procedure: Pa. R.C.P. 1026, 1028 and 1029.

That procedural question need not be resolved here, however.[1] While it is clear that we may not venture beyond the facts that are properly before us (Dunham-Bush, Inc. v. Murray's 51 Lanes, Inc., 412 Pa. 424, 428 (1963), we need not here go beyond the averments of plaintiff's claim. Plaintiff's mechanic's lien claim itself specifically refers to three *buildings* and 12 *town houses* in the plural and does so not once, but seven times. Even if, on the face of the record, these are not physically separated and detached buildings or structures, still the act of assembly clearly can not be satisfied in this instance by a single lien claim. An "improvement" is defined by the Act of 1963 as including, in the singular, ". . . any building, structure or other improvement . . .": Section 201 (1), 49 PS §1201 (1). This definition, together with section 306 of the act, is an adaptation of the Mechanics' Lien

---

[1] Plaintiff cites Fredericks v. Hamm, 45 D. & C. 2d 687 (Adams 1968), an assumpsit action holding that preliminary objections are a pleading in the nature of a complaint and require endorsement with notice to plead in order to effectuate admissions for failure to answer. However, the Mechanics' Lien Law of 1963 does not conform itself to assumpsit practice under the Rules of Civil Procedure, and section 505, 49 PS §1505, relating to preliminary objections, supersedes the "rule to discharge" as the procedure for contesting a lien claim. Thus, petition practice under Pa. R. C. P. 206-209 may be more appropriate than the assumpsit rules for disposing of fact questions. There, a pleading endorsement is not required in order to obtain a favorable fact determination by rule absolute for want of an answer.

Law of June 4, 1901, P.L. 431, secs. 1 and 12, under which this court has held that: "[A] single claim may only be filed where but one structure is involved, or if there be more than one structure, such structures taken together are intended to form a part of one plant": Lucas v. Bozzo, 8 Bucks Co. 59, 60 (1958). In that case, President Judge Biester reviewed three Supreme Court opinions involving physically contiguous dwelling houses and concluded that, for the purpose of the Mechanics' Lien Law, where such are to be used and occupied as separate units, they are to be considered separate structures.[2] That analysis is equally applicable to the present case. At least as to each of the three buildings referred to in the lien claim, if not as to each town house, we find that there existed "several different improvements."

Plaintiff urges in this case, however, that even if his claim covers more than one improvement, it still qualifies under the change in section 306 (b) of the 1963 Act because the buildings constitute a "residential" plant. The Act of 1901, supra, section 12, provided that ". . . A single claim may be filed against more than one structure or other improvement, if they are all intended to form part of one plant." Under Todd v. Gernert, 223 Pa. 103 (1909), and Schively v. Radell, 227 Pa. 434 (1910), it was held that "plant" referred exclusively to commercial use and was not intended to

---

[2] Lucas v. Bozzo, supra, held that five adjoining business establishments located in a shopping center did not constitute a single structure or a plant for the purpose of a mechanic's lien. In determining that there were five structures, not one, it followed the following "double house" cases: Munger v. Silsbee, 64 Pa. 454 (1870); Neal & Wampler's Appeal, 79 Pa. 481 (1876); Roat v. Frear, 167 Pa. 614 (1895). For a discussion of Pennsylvania law, see Annot., "Mechanic's Lien—Separate Buildings," 15 A L R 3d 73, 237, fn. 6. (1967).

encompass any arrangement of residential properties. These decisions remained the law until the Act of 1963, which expanded "plant" to include "a single business or residential plant." But this language was immediately clarified by the section comment of the Joint State Government Commission, which, citing Todd v. Gernert, supra, reads, in pertinent part: "The use of the words 'residential plant' is not intended to change the previous law that a single claim cannot be filed against an entire row of separate residential dwellings." There is nothing in the present lien claim to suggest that it is materially distinguishable from Todd v. Gernert, supra, and we hold that a group of town houses is not a residential plant within the meaning of the act. They are distinct dwelling units. See Morrissey Construction v. Cross Realty Co. (No. 2), 48 D. & C. 2d 565, 578 (Montg., 1969). Also see, under prior law, Goodyear v. Emele, 21 Dist. R. 881 (1912), interpreting "residential plant" to mean a residence and ancillary structures, such as a garage or studio, but not a double house.

This is a sensible and practical result. It accords with the statutory policy in Pennsylvania of allowing apportioned liens for adjoining buildings where it may be impossible otherwise to make an allocation: Sumption v. Rogers, 242 Pa. 348 (1913). The requirement of separate filing serves the worthwhile purpose of invalidating the lumping of liens against separately disposable properties, with one appropriate exception, where the integration of use or activity properly characterizes the improvements as a plant.

For the foregoing reasons, we enter the following

ORDER

And now, August 10, 1972, the preliminary objec-

tions of Peter W. Schneider and Marie Schneider, his wife, owners, are sustained, and the mechanic's lien claim of Edgar A. Waite, Jr., is hereby discharged.