561 A.2d 808

**METCO, INC., a Pennsylvania Corporation, Appellant,**

v.

**MOSS CREEK, INC., a Pennsylvania Corporation, Appellee.**

Superior Court of Pennsylvania.

Argued May 24, 1989.

Filed July 19, 1989.

George P. Wolfe, Johnstown, for appellant.

R. Dell Ziegler, Pittsburgh, for Moss Creek, appellee.

Kevin L. Sanders, Johnstown, for Randy Swickle, appellee.

Before OLSZEWSKI, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

In this opinion, we will address two unconsolidated appeals filed by the same party, Metco, Inc., a Pennsylvania corporation. The appellees are Moss Creek, Inc., a Pennsylvania corporation (No. 01799 Pittsburgh 1988) and Randy Swickle (No. 1805 Pittsburgh 1988). The underlying facts and issues involved in these two appeals are the same.

Our review of the record reveals that in May of 1987, Metco, the appellant, entered into a contract with Moss Creek to build eight condominiums for Moss Creek. We note the following description of the eight condominiums which appears in Moss Creek's appellate brief:

... The eight townhouses each have their own walkway, and their own outside decks. Each is designed for a separate family. There is no common hallway as might be found in an apartment building. There is no communi-

cation between the units. Each townhouse has its own utilities, including its own oil tank for heat. The eight townhouses are in four buildings, arranged in a sawtooth formation. The townhouses have different attached greenhouses and fireplaces. The four buildings share only an approximately twelve foot section of wall with any adjoining buildings. Otherwise, each building is its own structure.

Brief for Moss Creek, Inc., at 4. Our record contains a Mechanic's Lien Claim filed by Metco on May 18, 1988, which alleges that the sum due and owing Metco from the Moss Creek condominium project equals $322,512.00.[1] The lien claim is directed against all eight of the Moss Creek condominium units and the real estate on which these units are located. Later, on June 10, 1988, Metco filed another Mechanic's Lien Claim for the same sum: $322,512.00. The named defendant's in the later lien claim are Moss Creek and Randy Swickle, and the lien claim is directed against two specific condominium units which Randy Swickle purchased from Moss Creek.[2] Following a review of the preliminary objections filed on behalf of Moss Creek and Randy Swickle, the trial court, on November 15, 1988, entered two orders, striking both of the Mechanic's Lien Claims set forth above. We affirm.

In order to set forth valid lien claims, Metco was required to comply with the specific dictates of 49 P.S. § 1306(b):

1. In his appellate brief, Randy Swickle includes a copy of a Mechanic's Lien Claim apparently filed by Metco against all eight of the Moss Creek condominium units on April 6, 1988. We note that the earlier lien claim has not been included in the certified record before us. The fact has no effect, however, on the disposition of this appeal.

2. The record before us also contains three releases, wherein Metco agreed to release three of the condominium units from the Mechanics Lien Claim it had filed against Moss Creek. These releases were executed between Metco and the respective condominium buyers, apparently at the time of the sale of each condominium unit. Releases were executed by Metco in April, June, and December of 1988 in exchange for various amounts of money: $30,000.00, $80,000.00, and $50,000.00. The existence of these releases has no bearing or effect upon our holding in the instant appeal.

(b) Apportionment of Claims. Where a debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or part of a single business or residential plant, the claimant *shall* file separate claims with respect to each such improvement, with the amount of each claim determined by apportionment of the total debt to the several improvements, and in such case, the amount of each separate claim may be less than five hundred dollars ($500), provided that the total debt exceeds five hundred dollars ($500). In no other case shall an apportioned claim be allowed.

*See* 49 P.S. § 1306(b) (emphasis added). In *Meyers Plumbing and Heating Supply v. Caste,* 350 Pa.Super. 482, 504 A.2d 942 (1986), this Court interpreted 49 P.S. § 1306(b), and held that a "42 unit townhouse project [is] not subsumed by the term 'plant' within the meaning of 49 P.S. § 1306(b)." *Id.,* 350 Pa.Superior Ct. at 488, 504 A.2d at 945. Thus, a single lien claim cannot be filed against an entire group of separate residential dwellings. In *Meyers Plumbing and Heating Supply v. Caste,* this Court specifically noted an early Pennsylvania case wherein the court had stated: "the term 'residential plant' did not mean two or more houses built together at the same time, but meant a dwelling house and ... garage ... or some similar building being necessary and used for the convenience of the dwellers of the residence." *Id.* (citation omitted). In the case at bar, it is clear that the trial court correctly ruled that Metco failed to comply with the mandates of 49 P.S. § 1306(b), thus necessitating the court's order striking Metco's Mechanic's Lien Claims.

We recognize that Metco makes the argument that it is unable to make an apportionment until each condominium unit is sold, because only then is the unit's market value set. This observation is not relevant to the issues involved in this case. The law requires Metco to file separate lien claims against each condominium unit. The lien claims arise not from the market price ultimately obtained for the various condominium units, but from the kind and character

of the labor and materials furnished by Metco and the prices charges for each. *See Meyers Plumbing and Heating Supply v. Caste, supra* (supplier's failure to include all invoices for material supplied to subcontractor on credit justified trial court's ruling that the supplier did not comply with requirements for the content of a mechanic's lien claim as set forth in 49 P.S. § 1503(6)). It may be that Metco's construction cost per condominium unit is not different. This does not alter Metco's obligation under 49 P.S. § 1306(b) to file separate claims with respect to each condominium unit. In such a case, apportionment of the total debt to the improvements would presumably be in equal amounts.

For all of the foregoing reasons, we affirm the November 15, 1988, Orders of the Court of Common Pleas of Bedford County: No. 1799 and 1805 Pittsburgh 1988.[3]

---

**3.** We note that Metco's references to 68 Pa.C.S.A. § 3409(b) are both misleading and misplaced as that statutory section governs the release of properly lodged liens. Further, Metco contends that the trial court erred in not allowing it to amend its lien claims to provide the requisite apportionment. Metco is not precluded from filing Mechanic's Lien Claims in the future.