601 A.2d 802

**METCO, INC., a Pennsylvania Corporation, Appellant,**

v.

**MOSS CREEK, INC., a Pennsylvania Corporation, Appellee.**

**METCO, INC., a Pennsylvania Corporation, Appellant,**

v.

**MOSS CREEK, INC., a Pennsylvania Corporation, and Randy Swickle, Appellees.**

Supreme Court of Pennsylvania.

Jan. 16, 1992.

George P. Wolfe, Spence, Custer, Saylor, Wolfe & Rose, Gary C. Horner, Johnstown, for appellant.

R. Dell Ziegler, Buchanan Ingersoll, Pittsburgh, Pa., for appellee Moss Creek, Inc.

Gary L. Costlow, Johnstown, for Randy Swickle.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from orders of the Superior Court which affirmed trial court orders striking mechanics' lien claims filed against condominium units. 385 Pa.Super. 542, 561 A.2d 808. The issue is whether the Mechanics' Lien Law at 49 P.S. § 1306(b) ("Apportionment of Claims") precludes the enforcement of liens filed against multiple units of a new condominium where the amount claimed in each lien represents the total claim for all work done on all the common

elements and separate units. The lower courts held that it does.

Appellant Metco, Inc., is a general contractor. In May, 1987, it entered a contract with appellee Moss Creek, Inc., a developer, to build a new condominium. In the course of the contract, three of the eight units were sold, and Metco received payments in return for releases as to any mechanics' liens filed or pending. Metco later filed mechanics' liens against the five remaining units, which were owned by the two appellees in this case. The amount of each lien was stated as $322,512.00, the entire amount Metco claimed to be due on the contract, involving eight condominium units and common elements. The amount of the lien had no direct relation to the work done or materials supplied on the five units not subject to release from mechanics' liens.

On July 21, 1988, Metco filed complaints for judgment on the liens. Appellees filed preliminary objections which led the trial court to strike the lien claims and the complaints for judgment. The court held that Metco's failure to apportion its claim to reflect the value of work done and materials provided for each separate unit subject to the lien was a fatal defect. The Superior Court affirmed.

Metco claims that the lower courts erred in that mechanics' liens against condominiums should be governed by 68 Pa.C.S. § 3409(b), a section of the Pennsylvania Uniform Condominium Act, rather than 49 P.S. § 1306(b), a provision of the Mechanics' Lien Law of 1963. Section 3409(b) provides:

(b) **Lien against multiple units.**—Whether perfected before or after creation of the condominium, if a lien other than a deed of trust or mortgage, including a lien attributable to work performed or materials supplied before creation of the condominium, becomes effective against two or more units, the unit owner of an affected unit may pay to the lienholder the amount of the lien attributable to his unit and the lienholder, upon receipt of payment, promptly shall deliver a release of the lien covering that unit and its common element interest. The

amount of the payment must be proportionate to the ratio which that unit owner's common expense liability bears to the common expense liabilities of all unit owners whose units are subject to the lien. After payment, the association may not assess or have a lien against that unit owner's unit for any portion of the common expenses incurred in connection with that lien.

Section 1306(b) provides:

(b) Apportionment of Claims. Where a debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or part of a single business or residential plant, the claimant shall file separate claims with respect to each such improvement, with the amount of each claim determined by apportionment of the total debt to the several improvements, and in such case, the amount of each separate claim may be less than five hundred dollars ($500), provided that the total debt exceeds five hundred dollars ($500). In no other case shall an apportioned claim be allowed.

Metco argues that a condominium is a "single residential plant" as that phrase is used in section 1306(b), and a condominium is therefore not subject to the apportionment of claims requirement. It maintains that condominiums are unique and distinguishable from townhouse developments and other planned residential developments. Metco further argues that the specific provisions of section 3409(b) provide the correct rule for the apportionment of liens against condominium units, and constitutes an exception from the more general provisions of section 1306(b).

The lower courts rejected these arguments. They relied on *Meyers Plumbing and Heating Supply Co. v. Caste,* 350 Pa.Super. 482, 504 A.2d 942 (1986). *Meyers Plumbing* involved a townhouse development which was not a condominium. There the Superior Court held that a row of townhouses is not a "single residential plant" within the meaning of section 1306(b). It therefore invalidated a single lien which had been filed against the entire project. The

*Meyers Plumbing* case rested on the statutory language and several trial court decisions interpreting the word "plant."

In this case, the Superior Court held that the condominium development was not a single residential plant. It next held that the separate liens filed against the individual units were not legally perfected under section 1306(b) because they were not apportioned. The court concluded that the separate provision concerning condominium liens, 68 Pa.C.S. § 3409(b), did not apply because it presumed the existence of a validly lodged lien.

The Superior Court was in error. The remedy of invalidating a mechanics' lien should only be resorted to under a clear statutory mandate or in cases of clear necessity, neither of which is present here.

1 Pa.C.S. § 1933 provides that when different statutory provisions are in conflict, as is clearly the case here, the particular controls the general so that "the special provisions shall prevail and shall be construed as an exception to the general provision." The more specific section in this case is 68 Pa.C.S. § 3409(b), a provision relating to mechanics' lien claims against condominium units for work performed prior to creation of the condominium, the precise situation presented by this case. The statutory section, then, is to be construed as an exception to the more general rule of 49 P.S. § 1306(b), which normally requires that lien claims "for work upon several different improvements which do not form all or part of a single business or residential plant," must be filed separately "with respect to each such improvement, with the amount of each claim determined by apportionment of the total debt to the several improvements." Thus it was proper, under 68 Pa.C.S. § 3409(b), to file "a lien ... against two or more units," whereupon, to release the claim, "the unit owner of an affected unit may pay to the lienholder the amount of the lien attributable to his unit.... The amount of the payment must be proportionate to the ratio which that unit owner's common expense liability bears to the common

expense liabilities of all unit owners whose units are subject to the lien." This provision from the Uniform Condominium Act clearly permits one lien to be filed against multiple units without apportionment among the units; payment in release of the several claims contemplates apportionment at the time of release, not at the time of filing the lien. Thus, the Superior Court erred in concluding that the unapportioned claims against multiple units were prohibited by the Mechanics' Lien Law, 49 P.S. § 1306(b).

Even if we did not interpret 68 Pa.C.S. § 3409(b) as permitting an unapportioned mechanics' lien claim to be filed against multiple condominium units, the prohibition of 49 P.S. § 1306(b) does not control this case. That provision prohibits an unapportioned claim "for work upon several different improvements *which do not form all or part of a single business or residential plant.*" Within the terms of the statute, a condominium development is a "single residential plant," as condominiums, in contrast to other forms of multiple housing, have legal characteristics which make pre-filing apportionment of claims impracticable if not impossible.

█ Our statute defines "condominium" as follows: "Real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners." 68 Pa.C.S. § 3103. Further,

> "condominium" has come to refer specifically to a multiunit dwelling, each of whose residents (unit owners) enjoys exclusive ownership of his individual apartment or unit, holding a fee simple title thereto, while retaining an undivided interest, as a tenant in common, in the common facilities and areas of the building and grounds which are used by all the residents of the condominium.

Typically, a condominium consists of an apartment house in which the units consist of individual apartments

and the common areas consist of the remainder of the building and the grounds....

The major characteristics of a condominium have been said to be the following: (1) individual ownership of a unit or "apartment," (2) an undivided interest in certain designated common elements which serve all the units in the condominium, and (3) an agreement among the unit owners regulating the administration and maintenance of the property.

15A Am.Jur.2d 827–28 (1976) (citations omitted).

*Meyers Plumbing, supra,* relied on by the trial court and the Superior Court to support the conclusion that this condominium was not a "single residential plant," held that a 42–unit townhouse project, consisting of six- and eight-unit buildings was not a single "plant." *Meyers,* in turn, followed earlier cases holding that such housing projects as 12 two-story townhouses, three separate dwelling houses, a double house with a continuous roof, and a group of 20 houses on separate lots did not qualify as single "plants." *Meyers* is an inappropriate precedent for determining whether a *condominium* constitutes a "single residential plant."

A critical characteristic of condominiums is that they include common ownership of the land and other shared areas such as entryways, stairways, structural components of the buildings, parking areas, and yards, whereas most other forms of multiple housing typically do not, but involve separate ownership of lots and would not include common ownership and usage of shared areas. These distinctive characteristics of condominium ownership justify the designation of a condominium as a "single residential plant," making the apportionment requirement of 49 P.S. § 1306(b) inapplicable to mechanics' liens filed against condominiums. The reason is that common ownership of shared areas makes apportionment impossible at the time of filing some mechanics' liens against condominiums. The recording of a "declaration of condominium" is the mechanism whereby a condominium is created and the proportional share of each

unit is designated, and recording may not take place unless the condominium is substantially completed, as it was in this case. 68 Pa.C.S. §§ 3201–08. Until that time, it would be impossible to apportion a mechanics' lien claim among the various units. Thus, the Superior Court erred in concluding that the unapportioned claims against multiple units were prohibited by 49 P.S. § 1306(b), because condominiums are excluded as "single residential plants."

We conclude that the unapportioned mechanics' liens filed in this case were valid. Apportionment will occur as part of the proceedings to enforce the liens, and releases shall issue as explicitly set forth in 68 Pa.C.S. § 3409(b). We therefore reverse the orders of the Superior Court.

Orders reversed.

LARSEN and ZAPPALA, JJ., concur in the result.